SAVAGE MANUFACTURING COMPANY ET AL. *v.* SARAH FRANCES MAGNE.

[No. 40, October Term, 1927.]

*Decided December 8th, 1927.*

48

The cause was argued before BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, DIGGES, and PARKE, JJ.

*Roszel C. Thomsen,* with whom were *Walter L. Clark* and *James Clark* on the brief, for the appellants.

*Ogle Marbury,* for the appellee.

URNER, J., delivered the opinion of the Court.

It is undisputed that the appellee sustained an accidental injury arising out of and in the course of her employment by the Savage Manufacturing Company, one of the appellants. While being conveyed from the company's plant in its truck provided regularly for the transportation of its employes, under the terms of their employment, the appellee fell from the truck and injured her right knee. Subsequently she was forced to give up her work, as a floor sweeper in the company's factory, because of arthritis in her right limb, which has been attributed, by her physician, by the State Industrial Accident Commission, and by a jury in the Circuit Court for Howard County, to the accidental injury just described. The questions we are to determine, on this appeal from a judgment of the court below affirming the award of compensation made by the commission, are raised by thirty-eight exceptions which were taken by the employer and the insurer to rulings of the trial court on the form of the issues, the admissibility of evidence, and numerous proposals for instructions to the jury.

At the request of the employer and insurer the court granted the following issues:

"1. Did the claimant receive, on or about January 12th, 1926, an accidental injury arising out of and in the course of her employment by the Savage Manufacturing Company?

"2. Did the claimant fail to notify her employer of the alleged accident within ten days thereof?

"3. If the jury shall answer the second issue in the affirmative, were the employer and the insurance carrier prejudiced by the failure of the claimant to notify her employer of the alleged accident within ten days thereof?

"4. Did the claimant fail to file her claim within thirty days after the beginning of her disability for which compensation was claimed?

"5. If the jury shall answer the fourth issue in the affirmative, were the employer and the insurance carrier prejudiced by the failure of the claimant to file her claims within thirty days after the beginning of her disability?

"7. Has the claimant ever been totally disabled as a result of the alleged injury occurring on or about January 12th, 1926?"

The sixth issue, as framed and proposed by the employer and insurer, was as follows:

"Has the claimant lost the use of her right leg or of any part thereof, as a result of the alleged accident occurring on or about January 12th, 1926?"

The court refused that issue, but substituted one in the following form:

"Was the claimant's right leg or any part thereof injured by the alleged accident occurring on or about January 12th, 1926?"

An issue designated 6A, offered by the employer and insurer, was refused. It was in these words:

"If the jury shall answer Issue No. 6 in the affirmative, of what fractional part of her right leg has she lost the use?"

The eighth issue submitted by the same parties was also rejected. Referring to the date of the commission's award, it inquired:

"Had the claimant on November 24th, 1926, any disability as a result of the alleged accident occurring on or about

January 12th, 1926, except the total or partial loss of the use of her right leg ?"

Because of the court's modification of the sixth issue and its rejection of the issues numbered 6A and eight, the first four exceptions in the record were noted.

The jury answered the first, fourth, sixth and seventh issues in the affirmative and the second, third and fifth issues in the negative. It was thus determined that the claimant, on or about January 12th, 1926, received an accidental injury arising out of and in the course of her employment, that she did not fail to notify her employer of the accident within ten days after it happened, that she failed to file her claim within thirty days after the beginning of her disability, that the employer and insurer were not prejudiced by such delay in filing her claim, that the claimant's right leg was injured by the accident, and thât she has been thereby totally disabled. In view of those findings of fact, it is evident that the refusal of the court to submit the additional issues suggested by the appellants had no prejudicial effect upon their defense. The only injury alleged to have resulted from the accident was that suffered by the claimant in her right leg, and as the jury found that such an injury was received and that it produced total disability, it would have been superfluous to require them to answer further inquiries, as to whether the claimant lost the use of her right leg, and what fractional part of its use was lost, and as to whether any other disability resulted. The loss by the claimant of the use of her right leg wholly incapacitated her for the work to which she was accustomed and for which she was qualified. It was with such a disability that the granted issues were concerned, and they adequately presented the essential questions of fact to be decided.

The fifth, sixth, eleventh, twenty-first, twenty-fourth, twenty-fifth, and twenty-eighth exceptions were reserved because the claimant was allowed to introduce the testimony taken at the hearing before the State Industrial Accident Commission. The stated grounds of the objection were that the witnesses who testified before the commission were within the jurisdic-

tion of the court and that the introduction of their testimony
through the medium of the record transmitted from the com-
mission was not consistent with the Workmen's Compensa-
tion Act and pertinent rulings of the Court of Appeals. It
has been the common practice to read as evidence, on trials
of appeals from the commission, the testimony taken before
it as duly authenticated in the transmitted record of its pro-
ceedings. This was the course pursued in most, if not all,
of the numerous workmen's compensation cases which have
reached this Court on final appeal. For the first time a ques-
tion is formally raised as to the propriety of such a practice.
It has been held that testimony supplementing that heard by
the commission could be produced at the trial of an appeal
from its decision (*Frazier v. Leas,* 127 Md. 572), that testi-
mony read from the record sent by the commission could not
be repeated orally by the same witnesses (*Harvey v. Roche,*
148 Md. 366), and that questions as to the admissibility of
any testimony contained in the record from the commission
could be raised and determined in the trial court. (*Standard
Gas Equipment Corp. v. Baldwin,* 152 Md. 321.) In those
decisions the use of the transcript as a means of reproducing
admissible testimony received by the commission was assumed
to be legally permissible. It is certainly the most convenient
and inexpensive method of proving the material facts. It
has the great merit of obviating the cost and possible delay
involved in securing again the attendance of witnesses who
have already testified upon the issues to be determined, and
whose depositions have been duly recorded and certified. The
Workmen's Compensation Act provides that the proceedings
on appeals from the State Industrial Accident Commission
"shall be informal and summary." (Code, art. 101, sec. 56.)
It was the evident purpose of that provision to ensure, in the
class of cases to which it relates, the most simple, speedy and
economical procedure consistent with the practical ends of
justice. The method of proof now objected to was doubtless
originally adopted, and has since been customarily applied,
because it accords with the spirit of the statute while per-
mitting a full and fair trial on the merits. In view of the

considerations supporting the practice, and of the sanction given to it by long and general usage of the courts of this state, we are unwilling to hold that it is improper. In this case the employer and insurer, who objected to the use of any testimony taken before the commission, were allowed to test its admissibility in detail as it was read, and to produce additional testimony in support of their defense. The only restriction placed upon that right was merely to prevent a repetition of certain evidence. The interests of the appellants were thus protected in regard to opportunities for producing or challenging testimony, and they have no cause to complain that the court below declined to abandon an established practice, by which the rights of all parties in such cases are equally, justly, and conveniently served.

In permitting counsel for the claimant, over objection, to read to the jury not only the testimony offered by her before the commission, but also that introduced by the employer and insurer, the court below committed an error, as the parties should be allowed to determine for themselves whether to use on appeal the transcript of the testimony which they, respectively, produced before the commission, or to support their claim or defense by witnesses called in court for that purpose. But since the witnesses for the employer and insurer before the commission actually testified in court, on their behalf, and as the record shows no prejudice to them as a result of the error just indicated, it does not present a sufficient reason for a reversal.

The seventh to tenth, twelfth to seventeenth, twenty-second and twenty-third exceptions were noted because the court refused to rule out certain testimony taken before the State Industrial Accident Commission on the ground that it was given in answer to leading questions. At the hearing before the commission, the claimant was not represented by counsel. The leading questions referred to were asked by members of the commission, and no objection was then made on behalf of the employer and insurer by their counsel present at the hearing. The statute directs that the commission "shall not be bound by the usual common law or statutory rules of evidence or by any technical or formal

rules of procedure, * * * but may make the investigation in such manner as in its judgment is best calculated to ascertain the substantial rights of the parties. * * *" It would disregard the intent and spirit of that provision to deny to the commission the discretion to ask or allow leading questions even over objections made at the time. But, without regard to the policy of the statute, it would be plainly unjustifiable to permit such an objection to be successfully urged on appeal as against testimony received by the commission in response to interrogatories which were not then challenged.

The other evidence exceptions will not be separately discussed. Most of them are relatively unimportant when considered in the light of all the evidence. In none of them have we found any reason for a reversal of the judgment.

The court below, at the request of the appellant, instructed the jury that there was no legally sufficient evidence of the filing of the appellee's claim for compensation within thirty days after she became disabled. The appellants asked for a further instruction to the effect that they were prejudiced by the delay in the filing of the claim. There was evidence that the claimant was under the care of a physician from the time she was injured, and, in view of that proof and the presumptive correctness of the commission's decision that the delay was in fact without prejudice to the appellants, a binding instruction to the contrary was properly refused.

A prayer was offered by the appellants proposing that the order of the commission be reversed and the case remanded on the ground that it was decided by the commission before its hearing was completed. The record shows that copies of two letters mentioned by a witness were to be sent by him to the commission after the oral testimony was concluded. The award of compensation is said to have been made by the commission before it received the letters to which the witness had referred. If the commission disposed of the case without waiting for the letters, it probably considered the evidence already produced sufficient to justify the decision which it rendered. Its award was made subject to a right of appeal, which the employer and insurer have exercised.

Their proposal to have the order reversed and the case remanded on the ground stated in the prayer could not properly have been granted.

Another rejected prayer of the appellants was written on the theory that at the time of the award it appeared from the evidence that the claimant was suffering only a partial disability due to the loss of use of her right leg, and was not in the condition of total disability upon which the award was predicated. As we have already said, the loss by the claimant of the ability to use her right leg totally disabled her to do the work for which she was eligible. The prayer disregards the evidence to that effect.

There was no error in the rulings on the other prayers of the employer and insurer. The admissible theories of their defense were presented in five prayers granted at their request. The instructions obtained by the claimant are not subject to any valid criticism.

The exceptions in the record on this appeal are certified in the form prescribed by chapter 224 of the Acts of 1927. It is suggested by counsel for the appellee that the Legislature had no authority to change the method of authenticating exceptions which this court had sanctioned. This suggestion is based upon the constitutional declaration that the legislative and judicial powers of government shall be separate and distinct. Article 8, Declaration of Rights. It is also provided in the Constitution that the judges of the Court of Appeals shall make and publish rules and regulations for the prosecution of appeals, which shall have the force of law "until rescinded, changed or modified by the said judges or the General Assembly." Const., art. 4, sec. 18. The purpose of the Act of 1927 is to reduce the volume and cost of records on appeals to this court, which is one of the objects of our existing rules. There is nothing in any of those rules with which the act is inconsistent. It provides a method of abbreviating records by simplifying the form of bills of exceptions. In our opinion the act was a valid exercise of legislative authority.

*Judgment affirmed, with costs.*