## UNION SHIPBUILDING COMPANY *v.* MICHAEL PRAVIEWSKI.

[No. 43, October Term, 1928.]

*Decided January 15th, 1929.*

The cause was argued before BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*William D. Macmillan,* with whom was *Harold Tschudi* on the brief, for the appellant.

*Arthur R. Padgett,* for the appellee.

SLOAN, J., delivered the opinion of the Court.

This is an appeal of the Union Shipbuilding Company, employer, from an order of the Baltimore City Court, overruling a motion of the appellant to dismiss an appeal to that court, taken by the appellee in this case from an order of the State Industrial Accident Commission disallowing the claim of the appellee here (appellant below) for compensation from the appellant.

On July 23rd, 1927, Michael Praviewski filed with the Industrial Accident Commission a claim for compensation for an injury due to an accident on or about the 18th day of October, 1926, arising out of and in the course of his employment by the Union Shipbuilding Company, Fairfield, Maryland. On July 29th, 1927, the employer filed its request for a hearing on the claim to determine the following issues: (1) Did employee sustain an accidental personal injury arising out of and in the course of his employment? (2) Failure to report accident within statutory period. (3) Failure to file claim within statutory period. (4) Prejudice. (5) Is present condition of claimant due to an accidental personal injury arising out of and in the course of employment?

Testimony taken before the commission on August 30th, 1927, shows that on October 18th, 1926, the claimant (appellee) was injured while working for the appellant. He was examined and treated by a physician, who advised him to continue working, and he did so until May 21st, 1927, when he claims that, as a result of the injuries sustained on October 18th, 1926, he was obliged to give up his work, and on July 29th, 1927, filed his claim for compensation. On October 27th, 1927, the commission found against the claimant on all of the issues and passed an order disallowing his claim, from which he appealed to the Baltimore City Court.

The appellant (employer), on November 15th, 1927, filed its motion in the Baltimore City Court to dismiss the appeal

of the employee on the following grounds: "(1) That the record in this case shows that notice of the alleged injury was not given by the employee appellant to the employer appellee within ten (10) days after the alleged accident, and that the State Industrial Accident Commission did not excuse the employee appellant from the delay in giving the said notice to the employer appellee. (2) That the record shows that the employee appellant did not file his application for compensation with the State Industrial Accident Commission and a report of his physician within thirty (30) days after his alleged disability for which he claims compensation, and the State Industrial Accident Commission did not excuse the employee appellant for the delay in failing to file the said application and report of his physician with the State Industrial Accident Commission within the prescribed time. (3) That the record in this case shows that the failure of the employee appellant to report the said accident and to file his claim and the report of his physician within the required time as heretofore set forth operated to prejudice the employer appellee and the State Industrial Accident Commission so found and did not excuse the employee appellant from filing said notice and claim." The motion to dismiss the appeal was overruled and it is this order which is now the subject of the appeal before this court.

The contention of the appellant is that the refusal or failure of the accident commission to excuse the delay of the claimant in filing his claim for compensation is final and not subject to review. The appellee contends that it was an issue submitted to and passed upon by the commission and is subject to review as any other question of fact.

It is undisputed that the claimant did not file his claim with the commission until nine months after the injury alleged. By section 38, article 101, of the Code, it is provided that in case of injury the employee shall notify the employer within ten days after the accident, and that the failure to give such notice "unless excused by the commission either on the ground that notice for some sufficient reason could not have been given, or on the ground that the

State Accident Fund, insurance company or employer, as the case may be, has not been prejudiced thereby, shall be a bar to any claim under this article." Section 39 requires the employee to file his claim with the commission "within thirty days after the beginning of his disability for which compensation is claimed, "and failure to do so, unless excused by the commission either on the ground that the insurance carrier or the employer has not been prejudiced thereby, or for some other sufficient reason, "shall be a bar to any claim under this article." In the case of *Keystone Lime Co. v. Kabat*, 142 Md. 562, 571, this court said: "In determining whether the claimant shall be excused for his failure to give such notice the burden is upon him to produce before the commission facts upon which an excuse may be granted, on either of the grounds mentioned in the statute; and on appeal the record transmitted to the court should contain such facts. And it should appear, clearly and affirmatively, from the finding of the commission that the claimant was or was not excused, and if excused, the ground therefor." The fact that this court has stated that it should affirmatively appear from the record whether the failure to file the claim within the statutory period was or was not excused indicates that the action of the commission must be based on facts and that it is a question of fact to be heard on appeal as any other issue of fact. If this is not true, and the action of the commission in excusing or not excusing the delay is not subject to review, then the action of the commission would be final and this court could do no more than to decide that the commission should grant the parties interested an opportunity to be heard on such delay. *Weer v. Page,* 155 Md. 86.

Of a statute almost identical in form, the Court of Appeals of New York, in the case of *Bloomfield v. November,* 219 N. Y. 375, which was quoted and cited in *Keystone Lime Co. v. Kabat, supra,* said: "This requirement ought not to be treated as a mere formality, or be dispensed with as a matter of course whenever there has been a failure to serve such notice. The Legislature has enumerated reasonable conditions under which failure to serve the notice may be ex-

cused, and we think that the attention of the commission should be fastened upon the question whether, upon the proofs in a given case, circumstances do exist which are sufficient to justify such failure; and if they do exist that fact should be properly stated as one of the facts which constitute the basis of the award. * * * As I have indicated, I think that on the most favorable version to claimant this was a question of fact, and if the commission were influenced in excusing the failure to serve a written notice on the ground that prompt and full verbal notice had been given and therefore no harm had been suffered, it ought to have passed fairly and explicitly on this question of fact and have made apparent the ground upon which it excused the failure to serve notice." In that case the claim was remanded to the Industrial Commission to pass upon the subject.

Again, and very recently, the question was before this court in substantially the form now presented, in the case of *Savage Mfg. Company v. Magne,* 154 Md. 46. In that case the claim of the employee was filed with the commission in July, 1926, for an injury sustained in January, 1926. One of the issues at the hearing before the commission was as to whether the claimant had filed her claim for this injury within thirty days after the commencement of disability, and in the order awarding compensation the commission excused the failure to file claim within the statutory period "because there was no prejudice to the employer." On an appeal to the Circuit Court for Howard County, by which the order of the commission was affirmed, the issues as to the time of notifying the employer and the filing of the claim with the commission, and whether the employer was prejudiced by such failure, were directly submitted to the jury, and were decided favorably to the claimant, and on appeal to this court the rulings of the circuit court were affirmed.

The issues in the *Magne* case and in the instant case are substantially the same, the only difference being that in the former case there was no motion to dismiss the appeal from the accident commission to the trial court. In this case the question of the conclusiveness of the action of the commission

is before us in the form of a motion to dismiss the appeal, while in the *Magne* case it was before us in the form of a request for instructions as to whether the notice had been given and claim filed within ten days and thirty days respectively, and whether failure to give such notice and file such claim were prejudicial to the employer. These instructions were submitted to the jury for the determination of the questions of fact therein stated, and this court on appeal declared them to be proper instructions. We are therefore on record as having decided that these are questions of fact to be submitted on appeal under section 56 of article 101 of the Code, as amended by the Act of 1927, ch. 587.

Upon the issues submitted by the employer to the commission, the matters of notice to the employer within ten days, the filing of the claim with the commission within thirty days, and of prejudice, were heard and by the commission decided adversely to the claimant. This then has the commission on record as having decided that the delay of the claimant was prejudicial as a fact, to the employer, and upon this finding the claim was dismissed. In this respect the finding of the commission met the requirements of this court's decision in *Keystone Lime Co. v. Kabat, supra*. The issue as to whether the injury for which compensation was sought arose out of and in the course of the employment was also submitted and decided against the claimant.

In the case of *Dickson Company v. Beasley*, 146 Md. 568, 572, this court said: "As we interpret the statute, delay in filing the claim is a fact to be considered on the question of allowance of claim in the first instance, the allowance of any claim upon the particular injury; that it is relevant only to the controversy at that stage, and should be litigated then, if at all." In the case of *Savage Mfg. Co. v. Magne, supra*, and in the instant case, it does appear that the inquiry of the commission was directed to the ascertainment of the fact of prejudice to the employers in the delays of notice to employer and filing of the claim with the commission, with the finding of fact in the former case favorably

to the claimant and in the instant case unfavorably. See, also, notes to *L. R. A.,* 1917D, 135 *et seq.; L. R. A.* 1918E, 559 *et. seq.; Ann. Cas.,* 1917D, 867 *et seq.;* 28 *R. C. L.* 825.

In the case of *Vang Construction Company v. Marcoccia,* 154 Md. 401, this court said: "The commission has no authority to excuse a failure to make the application for compensation within the period of limitation, since no such power was conferred, as is the case in the event of injury which does not result in death," and what we have here said applies only to a claim for injury not resulting in death.

It is, therefore, the opinion of this court that the appellant's appeal from the order overruling the defendant's motion to dismiss the appeal from the accident commission to the Baltimore City Court was premature, the order appealed from not being final in its nature.

*Appeal dismissed, and case remanded with costs to the appellee.*

———

Bond, C. J., filed the following dissenting opinion.

The statutory provisions limiting the time for an employee's giving notice of his injury and filing his claim for compensation, Code, art. 101, secs. 38 and 39, seem to me to make failure to act within the time limits so clearly a bar to compensation, unless excused by the commission, that a construction which, in the absence of such excuse by the commission, permits the courts on appeal to investigate the failure and lift the bar, must amount to amendment of the statutes. For the purposes of this inquiry the provisions are the same. "Failure to give such notice, unless excused by the commission" on one or the other of two permissible grounds, "shall be a bar to any claim under this article," says section 38. And section 39 provides that failure to file the claim for compensation within the time specified, "unless excused by the commission" for lack of prejudice or some other sufficient reason, "shall be a bar to any claim under this arti-

cle." A purpose to make the lack of excuse by the commission final could (as I see it) hardly be expressed more clearly and unmistakably. And it is not surprising that the discretion of the commission should thus be made final when we recall that it was the purpose and hope, in the enactment of the Workmen's Compensation Act, that the administration of this law should be withdrawn almost wholly from the courts. It was intended that, for the benefit of injured workmen, the use of the courts, and the delay and expense of litigation, should be avoided if possible.

In the case of *Keystone Lime Co. v. Kabat,* 142 Md. 562, in which the same situation was presented as in this case (the record containing no showing of excuse by the commission for failure to give the required notice) this court decided in accordance with the view here urged. "In this case," said the court, page 572, "so far as the record discloses, the commission did not pass upon the claimant's failure to give the required notice to the employer, and consequently it did not excuse her on either of the grounds mentioned in the statute, and until excused, her claim was barred by the statute." And I believe that in the courts of Baltimore City, at least, this decision has been followed ever since as having fixed the law, so far as any judicial precedent might be needed on such an expression of legislative purpose. That expression would seem to me so clearly to the effect stated that it would be beyond the legitimate power of a precedent to give it a different effect. In my view the judgment should be reversed and the case remanded, either for dismissal of the appeal, or for an instruction of a verdict which would have the same result.