## OXFORD CABINET COMPANY *v.* SADIE W. PARKS

[No. 68, October Term, 1941.]

*Decided November 6th, 1941.*

The cause was argued before BOND, C. J., SLOAN, JOHNSON, DELAPLAINE, COLLINS, FORSYTHE, and MARBURY, JJ.

*Paul F. Due* and *W. Hamilton Whiteford* with whom were *Due, Nickerson & Whiteford,* on the brief, for the appellant.

*Rignal W. Baldwin, Jr.,* and *Charles P. Coady, Jr.,* with whom were *Coady & Farley,* on the brief, for the appellee.

COLLINS, J., delivered the opinion of the Court.

Sadie M. Parks of Baltimore, on March 10th, 1941, filed a claim for compensation in death with the State Industrial Accident Commission alleging that her husband, Roland C. Parks, whom she married on February 3rd, 1925, died on September 25th, 1940, as a result of an injury sustained the same day in the employ of the Oxford Cabinet Company of Oxford, Pennsylvania. She alleged that the average weekly earnings of the deceased was $100 and that she was dependent upon him for support and that she had no children. With this claim was filed the proof of death by the attending physician, showing the death in Baltimore, and proof of death by the undertaker. On the same day the State Industrial Accident Commission sent a notice to the Oxford Cabinet Company, appellant, notifying it of the filing of this claim, and further: "This is sent to advise you this claim will come up for consideration at the session of the Commission at its Baltimore office on 18th day of March, 1941. If no request for a hearing has been received or adjournment granted by the Commission, award will be made on

that day upon the evidence then in the hands of the Commission." No request for a hearing was made and the appellant, the Oxford Cabinet Company, did not appear before the Commission on March 18th, 1941. On the 19th day of March, 1941, the Commission passed an order which stated in part as follows: "After due consideration of the evidence at hand in this case, the Commission finds * * *" that the deceased was injured as alleged while in the employ of the Oxford Cabinet Company, that he died as a result of said injury, that the injury and death arose out of and in the course of his employment, that his average weekly wage was $100 and that he left surviving him a widow, Sadie M. Parks, wholly dependent upon her husband for support at the time of his injury and death. The Commission ordered the appellant to pay to the said Sadie M. Parks compensation at the rate of $18 per week for a period of $277\frac{7}{9}$ weeks not to exceed $5000 and also funeral expenses not to exceed $125.

On April 14th, 1941, the Oxford Cabinet Company filed a petition with the State Industrial Accident Commission to reopen the case and on the same day entered an appeal from the ruling of the Commission to the Baltimore City Court. Petition to reopen the case was denied by the Commission probably on the grounds that after the appeal was entered, it had no jurisdiction. The Oxford Cabinet Company took action in this matter a few days before the time for appeal expired and being unwilling to risk the loss of the right of appeal, the petition to reopen the case and the appeal were filed simultaneously. If the employer had waited until after the hearing on the petition to reopen the case to file his appeal, the time for appeal would have expired. On May 19th, 1941, the appellant petitioned Baltimore City Court to submit certain issues of fact to the jury and later on the 28th day of May, 1941, Sadie M. Parks filed a motion in the Baltimore City Court to dismiss the appeal and also filed exceptions to the issues to be submitted to the jury. Testimony was taken before the Judge below on this

motion who found that there was no evidence of bad faith on the part of the Oxford Cabinet Company but granted the motion to dismiss the appeal. From his order dismissing the appeal to the Baltimore City Court, the appeal to this Court is taken.

The purpose of the Workmen's Compensation Act, Code 1939, art. 101, sec. 1 *et seq.*, was of course, that the administration of that law should be withdrawn as much as possible from the courts in order to save the expense and delay of litigation. Dissenting opinion of Judge Bond, dissent not on this point, in *Union Shipbuilding Company v. Praviewski*, 156 Md. 412, at page 419, 144 A. 339. This Court should not aid in any atempt to circumvent the State Industrial Accident Commission in order to make the courts the tribunal of first instance and, if such an attempt is shown, the appeal should not be granted. As was said by Judge Johnson in *Williams v. Tawes*, 179 Md. 224, 17 A. 2nd 137, at page 139, 132 A. L. R. 1105, decided January 3rd, 1941, in referring to Chapter 294, of the Acts of 1939, Code Art. 31A, known as the Uniform Declaratory Judgments Act: " It would seem not unlikely that the Legislature would have so elaborately provided this special statutory remedy and by enacting Chapter 294 have intended to enable a taxpayer at his mere whim to impose the duties of administrative officers upon the courts." *Stark v. Christie*, 179 Md. 276, 19 A. 2nd 716, decided April 29th, 1941. It is apparent in the instant case that no effort was made to circumvent the State Industrial Accident Commission for the purpose of trying the case originally before a court and jury. It is difficult to see what advantage there would have been to the employer, a corporation, to try this case in the first instance before a jury. There was evidently a misunderstanding and a mistake as to who was to represent The Oxford Cabinet Company before the Commission. In fact a letter was written to the appellant by an insurance agency on March 13th that an insurance company would have a representative before the Commission on March 18th in its behalf and that it would not be neces-

sary for appellant to appear. There is no doubt that ample notice of the claim had been given to the employer.

It is provided by Code Art. 101, Sec. 70, providing for appeals of such cases, "any employer, employee, beneficiary or person feeling aggrieved by any decision of the Commission * * * may have the same reviewed by a proceeding in the nature of an appeal * * * and the court shall determine whether the Commission has justly considered all the facts concerning the injury, whether it has exceeded the powers granted it by the Article, and whether it has misconstrued the law and facts applicable in the case decided. * * * Upon the hearing of such an appeal the court shall, upon motion of either party * * * submit to a jury any question of fact involved in such case. * * * The proceedings in every such an appeal shall be informal and summary, but full opportunity to be heard shall be had before judgment is pronounced. * * *" This Court recently decided in the case of *Hathcock v. Loftin,* 179 Md. 676, 22 A. 2nd 499, that the lower court was correct in refusing an appeal but in that case a hearing was applied for by the employer, as provided in Sec. 52 of Art. 101, and the claimant failed to appear at the hearing, nor was an application filed to reopen the case. The hearing having been requested, proof in addition to the claim was necessary. Chief Judge Bond said in that case: "Many sections of the law seem to demonstrate what is otherwise notorious, that the State Industrial Accident Commission is the body to which decision upon claims is principally committed. By section 9 it is required to regulate and provide 'the nature and extent of the proofs and evidence and the method of taking and furnishing the same for the establishment of the right to compensation.' Under section 52 it is required to order a hearing upon aplication of either party. On appeal its decision is to be taken as *prima facie* correct. Sec. 70. And on that appeal the trial court determines whether the Commission 'has justly considered all the facts.' Sec. 70. The Commission is 'the original fact-finding body.' *Bethlehem Steel Co. v. Mayo,* 168 Md. 410,

416, 177 A. 910, 912. In the absence of any application for hearing, as in the greater number of cases, it may find the material submitted with the original claim sufficient for a decision, and may decide upon that alone. In this instance it is doubtful whether it could have done so, for this material gave it no facts from which it might determine whether the accident arose out of and in the course of the man's employment with these employers, as would have been necessary under section 14, or determine the existence of dependency in a widow, for whom no claim is made. The information as to dependents is incomplete. Sec. 48. Additional facts were needed."

In the instant case no hearing was requested. Appellant was notified by the Commission that if no request for a hearing was made that the Commission would pass upon the evidence then in hand. The Commission had before it a statement of the death, that it was the result of injury sustained while in the employ of appellant, the amount of the weekly earnings, the name and relationship of the person dependent on the deceased for support. There was also filed proof of death from the physician and undertaker. It therefore appears that the Commission had sufficient and complete "evidence then in hand" before it to pass upon the claim, and "after due consideration of that evidence at hand," made the award on the facts before it and the employer feeling aggrieved by the decision of the Commission on that evidence noted the appeal. This Court said in the case of *Thomas v. Pennsylvania R. Co.*, 162 Md. 509, at page 514, 160 A. 793, at page 795: "It is to be presumed that ordinarily the Commission before which a claim is made has the supporting facts laid before it. The system calls for the facts to be laid before it, and they must be laid before it if the machinery devised is to be permitted to do the work assigned to it."

The appellant in the instant case petitioned the court below originally to submit five issues to the jury. In the motion to dismiss the appeal the claimant excepted to each and all of the five issues at that time filed and

specially excepted to three of these for the specific reason that such issues were not raised and considered in the first instance before the State Industrial Accident Commission. Appellee therefore apparently concedes that at least two issues were raised or considered by the Commission. As the court below did not pass upon the issues to be submitted to the jury, they will not be here reviewed.

This Court said in the case of *United States F. & G. Co. v. Taylor*, 136 Md. 545, at page 549, 110 A. 883, at page 885: "It further appears that no hearing was asked before the Commission, either by the Robert Ramsay Company, or the insurance carrier, nor did either appeal from the award made, to the court as they had the right to do under the provisions of the Workmen's Compensation Act." This was later quoted in the case of *Taylor v. Robert Ramsay Co. et al.*, 139 Md. 113, at page 115, 114 A. 830. It was said in the case of *Williams v. Williams*, 7 Gill 302, at page 304: "Very sound reasons should be required to induce the court to refuse a party the benefit of an appeal; and any interference with the right, wherever it exists, must be upon strong grounds and a clear manifestation on the part of the legislature, that they designed to withdraw it." This Court decided in the case of *Frazier v. Leas*, 127 Md. 572, at page 576, 96 A. 764, at page 765: "The Act secures to the party appealing the right to a jury trial, and the right to have 'any question of fact involved in the case' submitted to the jury. The court is empowered to confirm, reverse, or modify the decision of the Commission, and it is provided that in the proceedings on appeal 'full opportunity to be heard shall be had before judgment is pronounced.' There is no provision in the act which attempts to confine or limit the trial to the testimony taken before the Commission." *Bethlehem Corp. v. Simmons*, 143 Md. 506, at page 509, 122 A. 678; *Savage Mfg. Co. v. Magne*, 154 Md. 46 at page 51, 139 A. 570; *Schemmel v. T. B. Gatch & Sons C. & B. Co.* 164 Md. 671, at page 674, 166 A. 39.

In the instant case, the Commission having had sufficient and complete evidence in hand before it to pass upon the claim, no hearing having been requested, and after due consideration of that evidence having made the award, and the employer feeling aggrieved by the decision, and not having attempted to circumvent the Commission, for the reasons herein given the appeal should have been granted.

> *Order dismising apeal reversed and case remanded for further proceeding, costs in this court to be paid by the appellee.*

BOND, C. J., filed the followng dissenting opinion.

I think the Act contemplates that an employer shall give the State Industrial Accident Commission an opportunity to function on his case before appealing for a determination whether the Commission has correctly determined the facts and the law.