WALSH-KAISER COMPANY, INC. *vs.* GEORGE N. BRANCH. GEORGE N. BRANCH *vs.* WALSH-KAISER COMPANY, INC.

JUNE 25, 1946.

*Present:* Flynn, C. J., Moss, Capotosto and Baker, JJ.

CAPOTOSTO, J.   These cases concern matters in connection with two appeals by an employee from decrees of the superior court under the workmen's compensation act, general laws 1938, chapter 300.   Although they appear as separate cases the matters at issue are questions in one and the same case.

The facts are undisputed.   Since all pertinent dates refer to 1945, we will hereinafter omit mentioning that year.   On January 24 the parties entered into a preliminary agreement for compensation, which was duly filed with and approved by the director of labor, hereinafter referred to as the director; on March 22 the employer filed with the director a petition for review alleging that the employee's incapacity had either ended or was substantially reduced and that he was able to work; and on May 7, after due notice to the parties, the petition was heard by the director.   Both parties were represented by counsel at this hearing but the employee himself was not present.

Although no witnesses testified for either side at the hearing before the director, the employer did put in evidence,

without objection from counsel for the employee, the written reports of two doctors, each of whom expressed the opinion that the employee was able to resume his usual work. Upon this evidence the director, by his decision of May 22, held that the employer was entitled to suspend payment of compensation as of the date of hearing, and until further order in the premises. Payment of compensation was actually suspended by the employer as of the date of the decision.

On June 1, the employee filed a claim of appeal to the superior court from the decision of the director and, on June 21, on the ground that such decision was suspended by the appeal therefrom, he filed in that court a petition that the employer be adjudged in contempt for failing to pay compensation in accordance with the preliminary agreement. This petition, through error, was docketed as a separate case and is the second of the two cases now before us.

On June 25 the employer moved, in the superior court, that the employee's appeal from the decision of the director be dismissed on two grounds: (1) because such decision was not by its terms a final decision by that official; and (2) that, since the employee had failed to appear and testify at the hearing before the director, he was estopped from claiming that he was "a person aggrieved" under the act by that decision and, therefore, he was not entitled to appeal to the superior court.

The trial justice, on the authority of *Hathcock* v. *Loftin*, 179 Md. 676, and of *Oxford Cabinet Co.* v. *Parks*, 179 Md. 680, granted the employer's motion to dismiss the employee's appeal, and also denied his petition to adjudge the employer in contempt. These two decisions are now before us for review.

Section 4 of article III of our workmen's compensation act provides that "Any person aggrieved by any decision or order of the director of labor may appeal therefrom to the superior court" in a certain time and manner. Section 6 of the same article provides that the superior court shall pro-

ceed to hear "de novo all questions of law and fact therein involved" and "decide the merits of the controversy."

There is nothing in the act that denies to either employer or employee the right, as a person aggrieved, to appeal to the superior court from *any* decision or order of the director upon a petition for review. Where an appeal is taken, it is the duty of the superior court, in accordance with the express provisions of the act, to hear the case *de novo* on its merits without reference to the decision of the director or to the grounds on which it was based. The pertinent provisions of the act are clear and admit of no other construction than that, in the circumstances of the instant case, the employee was entitled to appeal to the superior court and to have the matter heard by that court as prescribed by the act.

The cases of *Hathcock* v. *Loftin* and *Oxford Cabinet Co.* v. *Parks, supra,* upon which the employer so strongly relies, are inapplicable because of fundamental differences between the Maryland statute and our own act. In the *Hathcock* case the Maryland court dismissed an appeal by an employee who had failed to appear before the industrial accident commission at a hearing which had been regularly called. In the course of its opinion, at page 678, the court discusses the statute and says: "Many sections of the law seem to demonstrate what is otherwise notorious, that the State Industrial Accident Commission is the body to which decision upon claims is principally committed. . . . On appeal its decision is to be taken as *prima facie* correct. Sec. 70. And on that appeal the trial court determines whether the Commission 'has justly considered all the facts.' Sec. 70. The Commission is 'the original fact-finding body.'" In the *Oxford Cabinet Co.* case the same court sustained an appeal by an employer because it was found innocent of any attempt to circumvent the statute in failing to present its case, due to an honest misunderstanding, before the state industrial accident commission.

Without further discussion of the Maryland statute, we note here that under our act, in case of an appeal from a decision of the director, such decision is not to be taken "as *prima facie* correct" by the superior court. The duty of that court is to hear the case *de novo* and then, without reference to the decision of the director, make its own findings of fact, which, in the absence of fraud and if supported by legal evidence, are conclusive on the parties and on this court. In other words, the superior court is not charged with the duty of determining whether the director "has justly considered all the facts", but it is directed to hear for itself all the evidence in the case irrespective of any prior decision, and upon that evidence to determine the merits of the controversy.

For the reasons stated, we are of the opinion that it was error to grant the employer's motion to dismiss the employee's appeal.

Since the case was properly in the superior court on the employee's appeal from the decision of the director, that decision was of no force and effect on an appeal therefrom. In this situation the employer was bound to continue payment of compensation in accordance with the preliminary agreement between the parties until there was a final determination on the merits of the appeal in accordance with the act. It was therefore error to deny and dismiss the employee's petition to adjudge the employer in contempt.

The employee's appeals are sustained, and each cause is remanded to the superior court for further proceedings in accordance with this opinion.

*Henry M. Boss, Francis W. Conlan,* for Walsh-Kaiser Company, Inc.

*Fergus J. McOsker,* for George N. Branch