765 A.2d 602

TEMPORARY STAFFING, INC., et al.

v.

J.J. HAINES & COMPANY, INC., et al.

No. 54, September Term, 2000.

Court of Appeals of Maryland.

Jan. 11, 2001.

Howard P. Miller (Nancy J. Courson of Dirska & Levin, on brief), Columbia, for appellants.

Angus R. Everton (Alan M. Carlo of Morgan, Shelsby, Carlo, Downs & Everton, P.A., on brief), Hunt Valley, for appellees.

Argued before BELL, C.J., ELDRIDGE, RAKER, WILNER, CATHELL, HARRELL, and LAWRENCE F. RODOWSKY, (Retired, specially assigned), JJ.

CATHELL, Judge.

 Mark A. Jewell was injured on December 31, 1992, while at work at J.J. Haines & Company, Inc. (hereinafter J.J. Haines), appellee. Mr. Jewell was sent to work at J.J. Haines by Temporary Staffing, Inc. (hereinafter TSI), appellant, pursuant to an agreement between the parties whereby TSI, a general employer, was to supply employees to J.J. Haines, a special employer.[1] Mr. Jewell filed a claim form with the Maryland Workers' Compensation Commission (hereinafter Commission) on January 22, 1993. A hearing was held before the Commission on December 22, 1993 to determine the correct employer and insurer. An Order issued by the Commission on February 24, 1994 stated "that at the time of the aforesaid accidental injury, the correct employer was J.J. Haines & Co., Inc., and the correct insurer was Pennsylvania Manufacturing Indemnity."[2]

J.J. Haines filed a petition for judicial review with the Circuit Court for Anne Arundel County. By Order dated March 23, 1995, the Circuit Court reversed the decision of the Commission and ruled that J.J. Haines and TSI were co-employers in this matter. The case was remanded back to the Commission for passage of an Order conforming to the findings of the Circuit Court. On May 15, 1998, the Commission, ruling on the liability of the co-employers, without considering the agreement between J.J. Haines and TSI, ordered that

1. A general employer is an employer who transfers an employee to another employer for a limited period. A special employer is an employer who has borrowed an employee for a limited period and has temporary responsibility and control over the employee's work. *Black's Law Dictionary* 544 (Bryan A. Garner ed., 7th ed. West 1999). A temporary employment company is a general employer and the company to which an employee is assigned is a special employer. *Whitehead v. Safway Steel Products*, 304 Md. 67, 82–84, 497 A.2d 803, 811–12 (1985).

2. A stipulation was later entered by all parties that Pennsylvania Manufacturers Indemnity was not the proper insurer for J.J. Haines on the date of Mr. Jewell's injury. J.J. Haines was insured by Royal Insurance Co. of America and TSI was insured by Hartford Underwriters Insurance. Both insurance companies joined their respective clients in this appeal.

both employers and their insurers were jointly liable in equal shares.

J.J. Haines sought judicial review at the Circuit Court for Anne Arundel County. Both J.J. Haines and TSI filed a Motion for Summary Judgment. The Circuit Court granted J.J. Haines' Motion for Summary Judgment and remanded the case to the Commission for passage of an Order finding that TSI was primarily liable for payment of any award in this case and that J.J. Haines was to provide excess coverage only in the event TSI became unable to meet its obligation. TSI filed a Notice of Appeal to the Court of Special Appeals. We granted certiorari on our own motion prior to consideration by the Court of Special Appeals. TSI has presented two questions:

1. Whether the Circuit Court for Anne Arundel County erred in its Order finding that Temporary Staffing, Inc. (TSI) and Hartford Underwriters Insurance Company are primarily liable for payment of any award in this case and that J.J. Haines & Company, Inc. (J.J. Haines) and Royal Insurance Company are to provide excess coverage only in the event that TSI and Hartford are unable to meet those obligations[?]

2. Whether the Circuit Court for Anne Arundel County erred in finding that Mark Jewell was an employee of TSI rather than an employee of both TSI and J.J. Haines as was previously decided by the Circuit Court for Anne Arundel County[?]

We do not directly answer either question because the Circuit Court made factual determinations that should have been remanded to the Commission for its consideration. We shall, therefore, remand the case to the Circuit Court for Anne Arundel County with instructions for that court to remand the case to the Commission in order to allow the Commission to make a determination in compliance with this opinion. We shall, however, address the law relative to the questions presented for the guidance of the Commission upon remand.

## Facts

TSI [3] sent Mr. Jewell to work at J.J. Haines. He was working at J.J. Haines when he was injured on the job. J.J. Haines had learned of the employee services provided by TSI through a sales call from representatives of TSI. The TSI representatives had also provided J.J. Haines with literature about the benefits a company could receive by using temporary employees from TSI. According to the literature, one of these benefits was that TSI would be responsible for workers' compensation insurance. [4]

During the time that Mr. Jewell was working at J.J. Haines, TSI billed J.J. Haines $8.75 per hour and TSI paid Mr. Jewell $5.60 per hour. [5] Mr. Jewell was injured on December 31, 1992, while working at J.J. Haines, when a tractor trailer backed into him, causing injuries to his arm, chest, and pelvis. The Commission issued an order on February 24, 1994 stating that:

> The Commission finds that as a result of the accidental injury on 12/31/92, the claimant was temporarily totally disabled from 12/31/92 to 6/10/93. The Commission finds on the issues presented that at the time of the aforesaid accidental injury, the correct employer was J.J. Haines & Co., Inc., and the correct insurer was Pennsylvania Manufacturing Indemnity and shall reserve on permanent partial disability. . . .

J.J. Haines and Pennsylvania Manufacturing Indemnity appealed this Order to the Circuit Court for Anne Arundel County. Before the appeal was heard by the Circuit Court, all parties to the appeal entered a stipulation stating that Penn-

3. TSI provides temporary employees to other companies.

4. Several of the documents that TSI distributed showed that one of the benefits that employers using temporary help from TSI would receive was to not have to pay for workers' compensation insurance because TSI paid for workers' compensation insurance on all of its temporary employees.

5. The additional $3.15 went toward TSI's profit and overhead. Included in that overhead was workers' compensation insurance.

sylvania Manufacturing Indemnity was not the proper insurer for J.J. Haines on the date of Mr. Jewell's injury. The insurer for J.J. Haines at the time of the accident was Royal Insurance Co. of America (hereinafter Royal).

The Circuit Court for Anne Arundel County issued an Order on March 23, 1995, which reversed the decision of the Commission "insofar as the Commission finds that J.J. Haines & Company, Inc. and Pennsylvania Manufacturers Indemnity Company are the proper Employer and insurer in this matter." The Circuit Court found that TSI and J.J. Haines were co-employers in the matter and that Hartford Underwriters Insurance Company (hereinafter Hartford) was the insurer of TSI and Royal was the insurer of J.J. Haines. The case was remanded back to the Commission.

The Commission entered an Order on April 25, 1997 that granted Mr. Jewell temporary total disability and permanent partial disability with the award to be paid equally by both employers and insurers pending a decision by the Commission on the issue of liability for payment between the respective employers and insurers. The Commission, determining that it did not have the jurisdiction to interpret the contract or agreement between TSI and J.J. Haines, issued an Order on May 15, 1998, that stated "that both employers and insurers are jointly liable in equal shares for all liability for benefits under the Workers' Compensation Act in this claim." J.J. Haines and Royal filed a petition for judicial review of the Commission's decision to the Circuit Court for Anne Arundel County.

Prior to the hearing on the petition for judicial review, both parties filed a Motion for Summary Judgment. J.J. Haines and Royal contended in their Motion for Summary Judgment that TSI should be liable for the primary coverage for workers' compensation benefits to Mr. Jewell. In their Motion for Summary Judgment, TSI and Hartford contended that the decision of the Commission was correct and the employers and insurers should be liable in equal shares. After a hearing was held on the dual Motions for Summary Judgment, the Circuit

Court for Anne Arundel County, based upon its own interpretation of the agreement between J.J. Haines and TSI, granted J.J. Haines' and Royal's Motion for Summary Judgment and signed an Order. The Order stated that

> the case is hereby remanded back to the Workers' Compensation Commission for passage of an Order finding that TSI and Hartford Underwriters are primarily liable for payment of any award in this case and J.J. Haines and Royal are to provide excess coverage only in the event that TSI and Hartford Underwriters become unable to meet these obligations.

TSI appealed. As we have indicated, we granted certiorari on our own motion prior to this case being heard by the Court of Special Appeals.

## Discussion

We hold that the Circuit Court for Anne Arundel County erred when it interpreted the agreement between J.J. Haines and TSI instead of remanding the matter to the Commission for its consideration. In a case where the Commission is determining liability between co-employers, the Commission is authorized to, and should, interpret and apply any contract or other agreement between the co-employers that affects their liability.[6] The Circuit Court should have remanded the case so that the Commission could consider the possible application of any contracts between the co-employers when ruling on which employer and insured should be liable.[7]

---

**6.** There is at least one case in which we have held that the Commission did not have the authority to interpret a contract. It, however, involved a fee-sharing agreement between attorneys, which is outside the scope of the Commission's powers. We said that "[a]ttorney's fee disputes often involve ethical considerations that are properly considered by a court of law and over which the Commission has no special expertise and no jurisdiction." *Engel v. Ingerman,* 353 Md. 43, 63, 724 A.2d 645, 655 (1999). In the case *sub judice,* the agreement or contract concerns the liability of co-employers to a claimant in a workers' compensation case, a matter squarely within the power and responsibility of the Commission.

**7.** Maryland Code (1991, 1999 Repl.Vol.), section 9–104(a) of the Labor and Employment Article states:

## A.

The Maryland Workers' Compensation Act (hereinafter Act) was enacted by 1914 Maryland Laws Chapter 800.[8] This Court has had many opportunities to examine the intent of the Act. In *Polomski v. Mayor & City Council of Baltimore*, 344 Md. 70, 684 A.2d 1338 (1996), we stated that:

In reality, the Act protects employees, employers, and the public alike. To be sure, the Act maintains a no-fault compensation system for employees and their families for work-related injuries where compensation for lost earning capacity is otherwise unavailable. *See Bethlehem–Sparrows Point Shipyard v. Damasiewicz*, 187 Md. 474, 480, 50 A.2d 799, 802 (1947); *Paul v. Glidden Co.*, 184 Md. 114, 119, 39 A.2d 544, 546 (1944). At the same time, however, the Act also recognizes the need to protect employers from the unpredictable nature and expense of litigation, and the public from the overwhelming tax burden of "caring for the helpless human wreckage found [along] the trail of modern industry." *Liggett & Meyers Tobacco Company v. Goslin*, 163 Md. 74, 80, 160 A. 804, 807 (1932); *Brenner v. Brenner*, 127 Md. 189, 192, 96 A. 287, 288 (1915). *See* Ch. 800 of the

(a) *Exemption from duty; waiver of right.*—(1) Except as otherwise provided in this title, a covered employee or an employer of a covered employee may not by agreement, rule, or regulation:

(i) exempt the covered employee or the employer from a duty of the covered employee or the employer under this title; or

(ii) waive a right of the covered employee or the employer under this title.

(2) An agreement, rule, or regulation that violates paragraph (1) of this subsection is void to the extent of the violation.

While co-employers may make an agreement to make one employer primarily liable, the other employer, however, remains secondarily liable in respect to the benefits due the employee. Neither employer is permitted to completely contract away its duty under the Workers' Compensation Act.

8. In the original enactment, the Workers' Compensation Commission was known as the State Industrial Accident Commission. 1957 Maryland Laws Chapter 584, section 1 changed the State Industrial Accident Commission to the Workmen's Compensation Commission. This was changed by 1991 Maryland Laws Chapter 8, section 2 to the Workers' Compensation Commission.

Acts of 1914; *see also Belcher v. T. Rowe Price,* 329 Md. 709, 736–37, 621 A.2d 872, 885–86 (1993). In other words, the Act provides employees suffering from work-related accidental injuries, regardless of fault, with a certain, efficient, and dignified form of compensation. In exchange, employees abandon common law remedies, thereby relieving employers from the vagaries of tort liability. *Belcher,* 329 Md. at 736, 621 A.2d at 885 (citing 1 Arthur Larson, *The Law of Workmen's Compensation,* § 1.20 at 2 (1992)).

*Id.* at 76–77, 684 A.2d at 1341 (alteration in original); *see DeBusk v. Johns Hopkins Hospital,* 342 Md. 432, 437–38, 677 A.2d 73, 75–76 (1996); *Honaker v. W.C. & A.N. Miller Development Co.,* 285 Md. 216, 222, 401 A.2d 1013, 1016 (1979); *Cooper v. Wicomico County Dep't of Public Works,* 278 Md. 596, 599–600, 366 A.2d 55, 58 (1976); ·*Oxford Cabinet Co. v. Parks,* 179 Md. 680, 683, 22 A.2d 481, 482 (1941).

We have also examined the Commission and the intent behind its establishment. In *Egeberg v. Maryland Steel Products Co.,* 190 Md. 374, 58 A.2d 684 (1948), we stated that:

The purpose of the Legislature in passing the Workmen's Compensation Law was to give prompt relief to injured workmen, and it created the Commission to administer the law. It provides for an appeal from the action of the Commission, but it would be against its purpose and intent to extend appeals by construction. Every express grant of power comprehends the authority necessary to execute it. When the Commission, therefore, is granted the authority to fix compensation for injuries falling under "Other Cases", *supra,* it necessarily possesses the power to find the fact that an injury actually exists. If there is no injury there can be no compensation awarded. The workman and the employer are protected, as either can appeal to a court, which will review the law, and if there is a mistake of law, or if the Commission has acted arbitrarily, its action will be reversed; and from the action of the lower court there is an appeal to this court.

*Id.* at 379, 58 A.2d at 685–86. As relevant to the present case, the Commission is granted the power to initially determine whether a specific entity is an employer of an injured worker. When a possibility of dual or alternate employers exists, the Commission, out of necessity, must determine the extent of each respective employer's liability. In the performance of that duty, the Commission, in order to fulfill its obligation, must consider an agreement between employers.

In *Solvuca v. Ryan & Reilly Co.,* 131 Md. 265, 101 A. 710 (1917), in examining the Commission, we stated that:

> The Act creates a Commission to administer the law; authorizes it, for the purpose contemplated by the Act, to require the attendance of witnesses and the production of books, payrolls, documents and testimony, and to apply to any judge of the Supreme Bench of Baltimore City, or of the Circuit Court of any county for a rule on any witness refusing to testify or to produce a book or paper, to show cause why he should not be committed to jail; to adopt reasonable and proper rules to govern its procedure, and provides that the Commission shall not be bound by the usual common law or statutory rules of evidence, or by any technical or formal rule of procedure, *but may make the investigation in such manner as in its judgment is best calculated to ascertain the substantial rights of the parties and to carry out justly the spirit of the Act. . . .*
>
> . . . .
>
> The Workmen's Compensation Law, which was passed in the exercise of the police power of this State, creates a commission known as the State Industrial Accident Commission to administer the provisions of the Act. *In the discharge of its duties and the exertion of its powers it is required to exercise judgment and discretion, and to apply the law to the facts in each particular case . . . .*

*Id.* at 268–84, 101 A. at 711–16 (emphasis added); *see Hathcock v. Loftin,* 179 Md. 676, 678, 22 A.2d 479, 480 (1941) ("Many sections of the law seem to demonstrate what is otherwise notorious, that the State Industrial Accident Com-

mission is the body to which decision upon claims is principally committed."); *Oxford Cabinet Co. v. Parks,* 179 Md. 680, 683, 22 A.2d 481, 482 (1941) ("This Court should not aid in any attempt to circumvent the State Industrial Accident Commission in order to make the courts the tribunal of first instance and, if such an attempt is shown, the appeal should not be granted.")

■ Under the Act, employers were provided with a system that helped them avoid costly tort litigation and insurers were provided a more definite system to enable them to conduct their business. Additionally, with the advent of the Act, the State would no longer have to be concerned with providing benefits to workers who were injured at work but then lost a subsequent lawsuit to the employer. In order to administer the Act, the Legislature established the Commission and provided it with the power to carry out the intent of the Act. The Commission's jurisdiction includes the authority to approve claims, reopen cases, make determinations on employment relationships, determine liability of employers, award lump sum payments, approve settlements, award fees for legal services, funeral expenses, and medical services.

In the case *sub judice,* the employers and their insurers requested that the Commission decide which employer and insurer should be liable for payment to Mr. Jewell. J.J. Haines asserted to the Commission that there was an agreement between J.J. Haines and TSI that made TSI primarily liable for Mr. Jewell's workers' compensation benefits. Upon ruling that the employers and their insurers would share liability equally, the Commission stated that:

> The contract between the two employers in fact both expressed and implied contract conditions were argued in this case. But unfortunately I have to find on that particular point that the enforcement and interpretation of the contract is beyond our jurisdiction and I'm going to find specifically that I [do not] have jurisdiction to deal with the interpretation or the enforcement of any contractual agreement between J.J. Haines and Temporary Staffing.

J.J. Haines sought judicial review of the Commission's decision in the Circuit Court for Anne Arundel County. At a hearing on J.J. Haines' and TSI's Motions for Summary Judgment, TSI contended that a contract between J.J. Haines and TSI is not relevant in a workers' compensation case and that the contract should be litigated in a separate civil proceeding.[9] We do not agree with TSI's argument or with the position taken by the Commission.

This is a case of first impression in Maryland. Some courts of our sister states, however, have examined the issue. In *Bilotta v. Labor Pool of St. Paul, Inc.*, 321 N.W.2d 888 (Minn.1982), an employee of a temporary services company, Labor Pool of St. Paul, Inc., was injured while he was working for a company, Safelite Industries, Inc., to which he had been assigned. Neither employer was contesting the compensation award to the employee. Labor Pool had filed a petition to the Workers' Compensation Court of Appeals that had requested that Safelite reimburse Labor Pool for workers' compensation benefits paid by Labor Pool. The Workers' Compensation Court of Appeals denied the petition, finding that there was an agreement between the two companies that Labor Pool would be responsible for the workers' compensation insurance. The Supreme Court of Minnesota affirmed the decision of the Workers' Compensation Court of Appeals finding that such an agreement existed and was controlling over the payment of workers' compensation benefits. The Supreme Court stated:

> Labor Pool makes oral agreements to supply temporary employees to its customers. It sets the pay rate of the

**9.** TSI also made this assertion in oral arguments before this Court. In other words, rather than having the matter determined in the workers' compensation administrative proceeding, TSI would have the two employers await the final determination, including judicial review, in the compensation matter and then have the dissatisfied employer initiate new and independent litigation between the co-employers to resolve the provisions of the agreement between them. If this position were adopted, every workers' compensation dispute involving general and special employers would require two separate litigations to resolve. That position does not advocate a process that enhances judicial efficiency.

employees it sends out, based on the type of work to be performed, and pays the employees directly. After completing a day of work, the employee is required to return to Labor Pool and fill out tickets for his pay. Labor Pool, however, charges its customer for the services of the temporary employees at an hourly rate higher than the rate at which the employee is paid....

. . . .

There is sufficient evidence to support the finding that Labor Pool and Safelite agreed that Labor Pool would be responsible for workers' compensation insurance and benefits. Labor Pool carried workers' compensation insurance. It represented in its brochures, and to Safelite specifically, that it would be responsible for carrying insurance. Moreover, part of the fee which Safelite paid to Labor Pool was used to pay the workers' compensation insurance premiums. In this sense, Safelite can be said to have paid for insurance through the fees it paid to Labor Pool: Safelite, in effect, bargained for both temporary employees and insurance. *Id.* at 889–90; *see Brooks v. Standard Fire Ins. Co.*, 117 Idaho 1066, 1069, 793 P.2d 1238, 1241 (1990) ("We hold that the Industrial Commission had jurisdiction to hear and rule on the claim for reimbursement and contribution between sureties."); *Textile Maintenance v. Industrial Commission*, 263 Ill.App.3d 866, 870, 201 Ill.Dec. 316, 636 N.E.2d 748, 751 (1994) ("[T]he Commission has the authority and jurisdiction to determine who is legally bound to pay workers' compensation claims."); *Koontz v. Pepsico, Inc.*, 153 Ill.App.3d 152, 154, 106 Ill.Dec. 335, 505 N.E.2d 1126, 1127 (1987) ("A review of the Worker's Compensation Act ... indicates that the Industrial Commission has the authority and jurisdiction to review and interpret the alleged guaranty agreement to determine who is legally bound to pay plaintiffs' worker's compensation claims."); *Smith v. Kelly Labor Service*, 239 So.2d 685, 689 (La.App. 1970) (where there was an express contract between general employer and special employer whereby general employer agreed to indemnify special employer against all claims and expenses for bodily injuries asserted by employee of general

employer against special employer, general employer had no right of contribution from special employer); *State, ex rel., Uninsured Employers' Fund, Div. of Workers' Compensation v. Hunt,* 191 Mont. 514, 519, 625 P.2d 539, 542 (1981) ("[The Workers' Compensation Court] has the power to determine which of several parties is liable to pay the Workers' Compensation benefits, or if subrogation is allowable, what apportionment of liability may be made between insurers, and other matters that go beyond the minimum determination of the benefits payable to an employee."); *Spivey v. Oakley's General Contractors,* 32 N.C.App. 488, 491, 232 S.E.2d 454, 456 (1977) ("Jurisdiction of the Commission is not limited solely to questions arising out of an employer-employee relationship or to the determination of rights asserted by or on behalf of an injured employee."); *Atlas Rock Bit Service Co. v. Henshaw,* 591 P.2d 294, 295 (Okla.1979) ("State Industrial Court has exclusive, original jurisdiction to determine claims for compensation provided under Workmen's Compensation Act ... liability of employers and insurance carriers under those laws, and any rights asserted under those laws."); *Manpower v. Lewis,* 840 P.2d 1276, 1278–79 (Okla.Civ.App.1992) ("[The Workers' Compensation Court] committed no legal or factual error in holding Manpower, Claimant's 'general' employer (in statutory parlance, Claimant's principal employer), liable for Claimant's disability resulting from accidental injuries sustained in the course of Claimant's assigned employment with OPUBCO.").

Taking note of the authority granted to the Commission and the intent behind the Act, we hold that the Commission has the authority to, and should, interpret agreements between general employers and special employers like the one in the case *sub judice.* The Commission has already made determinations on: (1) the employment relationship between Mr. Jewell, J.J. Haines, and TSI, albeit without considering the agreement between J.J. Haines and TSI; (2) the compensation awarded to Mr. Jewell; and (3) again without reference to their agreement, the liability of each co-employer and their insurer. It is a logical conclusion to assume that when the

Commission in making a determination as to liability between the employers, the Commission should consider all of the evidence, including any agreements between the employers. The Commission ruled on the liability of the parties without applying a contract that J.J. Haines contends it relied on when using temporary employees from TSI and that J.J. Haines asserts makes TSI primarily liable for all of the workers' compensation benefits due Mr. Jewell in this case.

TSI contends that the contract should be litigated in a separate civil proceeding. This is contrary to the legislative intent of the Act. The Act was intended, in part, to make the compensation process more efficient and economical. *Oxford Cabinet Co. v. Parks*, 179 Md. 680, 683, 22 A.2d 481, 482 (1941) ("The purpose of the Workman's Compensation Act ... was of course, that the administration of that law should be withdrawn as much as possible from the courts in order to save the expense and delay of litigation."); *Glidden–Durkee (SCM) Corp. v. Mobay Chemical Corp.*, 61 Md.App. 583, 596, 487 A.2d 1196, 1202 (1985) ("This statutory scheme is consistent with the purpose of the Workmen's Compensation Act, to provide simple, speedy and economical procedures consistent with practical justice...."). When all relevant employers are part of a Commission proceeding that includes the determination of liability between them for workers' compensation benefits and one of the employers alleges that there is an agreement that affected the relationship, the Commission should consider whether an agreement exists and the effect of the agreement. This is in accordance with the intent of the Act. If a party before the Commission believes that the Commission did not properly apply or interpret the agreement, the party may seek judicial review of the Commission's ruling. In this manner, all issues can be finally resolved in the one proceeding, without the necessity of multiple suits.

**B.**

A circuit court, in the role of a reviewing court, has the authority to consider only the issues that were raised

and decided before the Commission. If an issue was not properly considered by the Commission then a circuit court should remand the case to the Commission for its consideration. *See Pressman, Administrator of Estate of William L. Harris v. State Accident Fund,* 246 Md. 406, 415, 228 A.2d 443, 449 (1967) ("The reviewing court considers and passes only on matters covered by the issues raised and decided below or on relevant matters as to which there was evidence before the Commission."); *R.N. McCulloh & Co. v. Restivo,* 152 Md. 60, 67, 136 A. 54, 56 (1927) ("[I]t is not clear how the Baltimore City Court, on appeal from an order refusing to reopen a case, could not only direct the case to be reopened, but decide the very question which under the statute the commission alone had the jurisdiction to decide in the first instance, after it had been reopened."); *M & G Convoy, Inc. v. Mauk,* 85 Md.App. 394, 406, 584 A.2d 101, 107 (1991) ("The circuit court determined that the Commission had failed to make a finding which was a necessary prerequisite to a full review by the court. Judicial economy and efficiency dictates and demands that the case be remanded under such circumstances."); *Altman v. Safeway Stores, Inc.,* 52 Md.App. 564, 566, 451 A.2d 156, 158 (1982) ("Generally, a circuit court, upon an appeal from the Workmen's Compensation Commission, is jurisdictionally limited to a review of the issues raised and decided by the Commission explicitly or implicitly, and to such relevant matters on which there was evidence before the Commission.").

In the case *sub judice,* the Commission improperly declined to consider whether there was a contract and its application to the liability of J.J. Haines and TSI. After failing to render a determination on the agreement, the Commission ordered that liability should be split evenly. On appeal, the Circuit Court interpreted the contract itself and, based upon that interpretation, the Circuit Court overturned the Commission and ordered that TSI and Hartford be held primarily liable in this case. The Circuit Court should have remanded the case to

the Commission for the Commission to consider whether there is a contract and its effects on liability .[10]

## Conclusion

■ We hold that the Commission, when considering liability for employee's. workers' compensation benefits between co-employers, should interpret and apply any contracts or agreements between the co-employers that validly affects their liability for the payment of such benefits to an entitled worker. This is in accordance with the intent of the Act and the authority granted to the Commission to resolve workers' compensation cases under the Act. It is also sound judicial policy to resolve all aspects of a case within the same proceeding and not to have a separate proceeding for each aspect of a case.

**JUDGMENT OF THE CIRCUIT COURT FOR ANNE ARUNDEL COUNTY VACATED, AND CASE REMANDED TO THAT COURT WITH INSTRUCTIONS TO VACATE THE DECISION OF THE WORKERS' COMPENSATION COMMISSION AND TO REMAND THE CASE TO THE WORKERS' COMPENSATION COMMISSION FOR PROCEEDINGS CONSISTENT WITH THIS OPINION; COSTS TO BE PAID BY APPELLEE.**

10. Our directions to remand the matter relates to the proper procedure. Our opinion should not be construed as disapproval of the trial court's interpretation of the agreement, but as disapproval of the making of any interpretation by the trial court at that stage of the proceeding.