R. N. McCULLOH & COMPANY et al. *v.* ANGELO RESTIVO.

*Workmen's Compensation—Refusal to Accept Medical Treatment—Appeal from Commission—Issues and Prayers—Harmless Error.*

The fact that the claimant failed to accept medical attention offered him by the employer, and failed to secure proper medical attention elsewhere, whereby his disability was aggravated or prolonged, does not bar his right to compensation, unless such conduct on his part was arbitrary or unreasonable.          p. 66

The fact that, on a previous trial, the jury found that the claimant had refused medical or surgical attention, and that such refusal prolonged or aggravated his injury, did not determine his right to compensation, in the absence of any finding as to whether the treatment offered would have subjected him to such risk, pain, or inconvenience that, as a reasonably prudent and careful man, he would prefer to endure the existing disability rather than accept the treatment.        pp. 66, 67

On appeal from an order by the commission refusing to reopen the case, the court could not decide the question whether the claimant had, by a refusal to accept or procure medical attention, prolonged or aggravated his injury.        p. 67

An issue submitted by the claimant as to whether the award of the commission of disability was correct, while erroneous as transferring to the jury the functions of the court, *held* not prejudicial to the employer and insurer, they having by one of their interrogatories submitted the same question in much the same form.        p. 67

An issue as to whether the claimant, at the time of the hearing before the commission, was suffering from any disability due to the accident, disqualifying him from labor, and whether the award by the commission of disability was correct, was not duplicitous, it being reasonably clear that its purpose was to submit to the jury the single question whether, at that time, the claimant was still suffering from the injury, for which he was then receiving compensation.        p. 67

The refusal of an issue submitted by the employer and insurer was not reversible error, when it was covered by another issue submitted by them which, though erroneous, was granted.   p. 67

The refusal of an issue submitted by the employer and insurer whether, on a certain date, the claimant had seventy-five per cent. use of his right arm, was not prejudicial, when the jury would have necessarily considered that question in deciding whether the claimant had unreasonably refused treatment which would have cured or improved his injury, had that question been properly submitted to them.        pp. 67, 68

The grant of claimant's prayer, permitting the jury to decide whether an order of the commission was correct, is not the sub-

ject of complaint by the employer and insurer, if they submitted for the jury an issue, which was granted by the court, involving this identical question.                    p. 68

An instruction that the decision of the commission was presumed to be correct, and that the burden of showing it, by a clear preponderance of the evidence, to be incorrect, was upon the appellants, while erroneous in form, *held* not so to have prejudiced the appellants as to call for a reversal.      p. 68

*Decided January 13th, 1927.*

Appeal from the Baltimore City Court (DAWKINS, J.).

Claim by Angelo Restivo against R. N. McCulloh & Company, employer, and the Ocean Accident and Guarantee Company, insurer. From a judgment for the claimant, affirming the decision of the Industrial Accident Commission, the employer and insurer appeal. Affirmed.

The cause was argued before BOND, C. J., URNER, OFFUTT, DIGGES, and PARKE, JJ.

*William D. Macmillan,* with whom were *Semmes, Bowen & Semmes* on the brief, for the appellants.

*John E. Magers,* with whom was *Thomas F. O'Neill* on the brief, for the appellee.

OFFUTT, J., delivered the opinion of the Court.

Angelo Restivo, a workman, employed by R. N. McCulloh & Company, was, on October 7th, 1922, injured in the course of that employment, and applied for and was awarded compensation at the rate of eighteen dollars a week, by the Maryland Industrial Accident Commission, which was paid by the Ocean Accident & Guarantee Corporation, Limited, the insurer, until March, 1924. The injury was to his right "shoulder joint," and as a result of it he was only able to make partial use of his right arm, and was, he said, unable to "follow his work as a stone mason."

On March 3rd, 1924, the insurer requested a hearing to "determine the extent of the plaintiff's disability, and on March 24th, 1924, a hearing was had, and testimony taken in connection with that request and at its conclusion the original order was affirmed.

On July 17th, 1924, another hearing was requested, and in due course was had on August 1st, 1924, and on August 8th, 1924, a supplemental order was passed by the commission, directing the employer and insurer to pay Restivo compensation at the rate of eighteen dollars per week during the continuance of his temporary partial disability.

On August 28th, 1924, the insurer requested a hearing "for the purpose of reopening to present newly discovered evidence," and on September 19th, 1924, in compliance with that request, a further hearing was had, and on October 9th, 1924, the petition to reopen the case was denied, and from that order the employer and insurer appealed to the Baltimore City Court, where an issue, identified as "claimant's issue No. 1," and an interrogatory, known as "first interrogatory," were submitted. At the trial of the appeal both of those issues were decided in favor of the appellants, and the case remanded to the commission.

On June 4th, 1925, the commission reopened the case, further testimony was taken, and on July 22nd, 1925, it affirmed its previous order of August 8th, 1924, and on August 5th, 1925, the employer and insurer appealed from that order to the Baltimore City Court. Upon that appeal the claimant submitted one issue, which was granted, in the following form: "At the time of the hearing before the State Industrial Accident Commission on June 4th, 1925, was the claimant suffering from any disability due to the accident of October 7th, 1922, disqualifying him from labor in whole or in part, and was the award of the commission of disability correct?", and the employer, three, of which the third, which was in this form, was granted: "Do you find from the evidence in this case that the State Industrial Accident Commission was correct in its order of July 22nd, 1925, confirming its order of August 8th, 1924?" Of the refused issues submitted for the

employer, which were in interrogative form, the first asked
the jury to determine whether Restivo had sustained any dis-
ability beyond the period of seventy-six weeks for which he
had been compensated, and the second asked them to find
whether on April 20th, 1923, Restivo had seventy-five per
cent. of the use of his right arm. The verdict and judgment
on that appeal being for the claimant, the employer and in-
surer appealed to this court.

At the conclusion of the evidence at the trial in the Balti-
more City Court, the claimant submitted two prayers, called
"third" and "fourth", which were granted, and the employer
three, of which one was granted, and the single exception
found in the record brings up for review these rulings of the
trial court in connection with the prayers and issues offered
by the respective parties.

The claimant's third prayer instructed the jury that the
decision of the commission was presumed to be correct, and
that the burden was upon the appellants to show, by a clear
preponderance of affirmative evidence, that it was erroneous,
and his fourth prayer instructed them that if they found that
the decision of the commission was "correct" it should be
affirmed.

The employer, by his "A" prayer, which was refused, asked
the court to instruct the jury that "it appears from the un-
disputed record in this case that at the trial of this case in
this court on April 2nd, 1925, by the jury's verdict, it was
determined as a matter of fact that the claimant left the
State of Maryland on April 20th, 1923, and thereafter failed
to accept medical attention offered to him by the employer
and/or insurer, and failed to procure proper medical attention
elsewhere and that by reason thereof his injury or disability
was aggravated and prolonged and that therefore, as a matter
of law, the claimant is not entitled to any further compen-
sation." By his first prayer, which was also refused, he
sought to have the jury instructed that if the claimant, on
or about April 20th, 1923, left the State of Maryland, and at
that time had only a twenty-five per cent. disability in the use
of his arm, and that "the said claimant's condition would have

progressed or at least would not have retrogressed except for the failure of the claimant to accept medical attention from the employer and/or insurer, and his failure to procure proper medical attention himself, thereby aggravating and prolonging his disability," they should answer the employer's first interrogatory, "No."

We have deemed it proper to set out in perhaps needless detail the several steps of this persistent and continuous litigation, covering some seven hearings or trials of one kind or another, in three different forums, extending over a period of nearly three years, because it tends in some measure to illustrate the delays and the expense both to litigants and the State possible under the procedure provided for the administration of this law, which was originally designed to afford to the workman speedy relief from the hardships incident to disability resulting from injury in various industrial occupations, to afford to the employer relief from the expense and uncertainty of prolonged and vexatious litigation, and to assist the State in the support of those who, in consequence of such injuries, were likely to become public charges.

Running through it all and connecting it is a single question, which is whether the claimant aggravated or prolonged his injuries by a wilful or negligent failure to receive proper and necessary medical or surgical attention. The commission decided that question four times in favor of the claimant, and the Baltimore City Court once. But the appellants contend that since the Baltimore City Court found in its favor on the issues submitted on its first appeal to that court, that the question became *res adjudicata,* and that upon its remand to the commission after that trial, the commission had no function to perform other than to rescind its previous order continuing the compensation, and deny the right of the claimant to further compensation, and they have undertaken to present that point by their "A" prayer.

Assuming, but not deciding, that the objection can be raised in that way, we find no error in the refusal of that prayer, because it is defective not only for the reason that

the theory upon which it is based is unsound, but because it is technically bad.   The elements of the rule of *res adjudicata* are clearly and correctly stated by the appellants in their brief, but the law as stated there has no application to the facts upon which the prayer is predicated.   The theory of the prayer is that if Restivo "failed to accept medical attention offered to him" by appellants, and failed to procure "proper" medical attention elsewhere, and that by reason of such failure his disability was aggravated or prolonged, that such failure barred his right to further compensation.   But that is not the law, and in the absence of adequate legislative powers, the jury on the first appeal could not establish it as the law, because their function was to find facts and not to make law.   It may be conceded that it is the duty of an injured employe to accept any medical or surgical assistance available to him, which offers a reasonable hope for the lessening of any disability resulting from the injury for which he is compensated, provided such assistance involves no real risk to life or health, nor is likely to cause such pain or inconvenience, which as a reasonably prudent man he could not be expected to undergo.   But those qualifications are quite as vital as the rule itself, and cannot be disregarded in any application of it.   In other words, the question is not simply whether the claimant refused medical or surgical attention, but whether under the circumstances of the case his refusal to accept such treatment was arbitrary or unreasonable (*Dickson v. Beasley,* 146 Md. 570; *Schiller v. Balto. & O. R. Co.,* 137 Md. 246), and the same principle is stated in *United Rwys. & Elec. Co. v. Dean,* 117 Md. 686.

The prayer under consideration ignores that qualification entirely in its statement of the legal principle which it asserts was established on the first appeal, and for that reason is bad.   But it is also bad because the fact that the jury on the first appeal found that Restivo had refused to accept medical or surgical attention and that his refusal prolonged or aggravated his injury did not determine his right to further compensation, because it may have been that the treatment offered, even if it were the proper treatment, would have

subjected him to such risk, pain, or inconvenience, that as a
reasonably prudent and careful man he would have preferred
to endure the existing disability rather than accept the treat-
ment, and yet the jury were not asked to pass on that ques-
tion at all. But the question of Restivo's disability was really
not directly involved in the first appeal, because the question
which the commission was asked to decide at the hearing.
reviewed on that appeal, and which by the order appealed
from they did decide, was whether they would reopen the
case, and it is not clear how the Baltimore City Court, on
appeal from an order refusing to reopen a case, could not
only direct the case to be reopened, but decide the very
question which under the statute the commission alone had
the jurisdiction to decide in the first instance, after it had
been reopened.

Appellants' "first" prayer was also properly refused, be-
cause it denied the claimant's right to continued compensa-
tion if it were found that he refused to accept medical atten-
tion, regardless of whether such refusal was reasonable or
unreasonable.

As stated by the appellants, claimant's issue No. 1 is
unquestionably erroneous, since it transfers to the jury the
functions of the court, but we are unable to say that appel-
lants were injured by its allowance, since in their "third
interrogatory," which was granted, they submit the same
question in much the same form. They further object that
it is duplicitous, but, while it is not very clearly phrased,
it is, we think, reasonably clear that its purpose was to
submit to the jury the single question whether, at the time
of the hearing on June 4th, 1925, claimant was still suffer-
ing from the injury for which he was receiving compensa-
tion, and we find no reversible error in its allowance. Nor
do we find any reversible error in the refusal of the appel-
lants' first issue. In so far as it related to any question
raised by the appeal; it was covered by their third issue which,
while erroneous, was nevertheless granted by the court at
their request. Nor is it apparent how the appellants were

injured by the refusal of their second issue, which asked the jury to determine whether on April 20th, 1923, Restivo had "seventy-five per cent. use of his right arm," since the jury would necessarily have considered that question in deciding whether Restivo had unreasonably refused treatment which would have cured or improved his injury, had that question been properly submitted to them. And back of these defects there was the fact that the appeal before the court was not to determine whether Restivo should continue to receive compensation for his disability, but whether the commission should reopen the case to consider that question. The claimant's "fourth" prayer permitted the jury to decide whether the order of July 22nd, 1925, of the commission was "correct." That prayer was, for reasons already stated, bad, but the appellants cannot complain of the error, for they submitted to the jury in their third issue the identical question. The form of the claimant's third prayer was condemned in *Jewel Tea Co. v. Weber,* 132 Md. 178, and *Stewart & Co. v. Howell,* 136 Md. 423, although under the circumstances of that case the error in granting such a prayer was held in *Jewel Tea Co. v. Weber* not to be reversible, because "it could not have misled the jury." And since it was decided in that case that the legal principle stated in the prayer is correct, and as we see no reason why it should have misled the jury in this case any more than in that, we are unwilling to reverse the judgment on that error alone. Finding no reversible error in the rulings involved in the first and only exception, the judgment appealed from will be affirmed.

*Judgment affirmed, with costs.*

Bond, C. J., filed the following dissenting opinion.

My conclusions differ in two respects. I disagree with the view that on appeal from an order of the commission refusing to reopen a case before it, the trial court should confine

itself to the mere interlocutory question of whether the commission should consider the matter sought to be presented, then return the case to the commission for that consideration, and then, only on a second appeal, consider it in the trial court.   There has been a precedent for a directly contrary course in the decision of this court in *Bethlehem Shipbuilding Co. v. Simmons,* 143 Md. 506.  That contrary course seems to me to be in accordance with the statutory provision for review "by a proceeding in the nature of an appeal," and the broad purpose of that proceeding as stated in the statute, Code P. G. L., art. 101, sec. 56.  And it seems to be the sensible, economical method, and the only one which would conform to the purpose of avoiding excessive delays and expense to litigants and to the State in compensation proceedings.  Incidentally, it seems to me the trial court could not, in accordance with the statute, submit to the jury, as the court did in this case, a question whether the commission should reopen the case; the statute authorizes submitting to a jury only questions of fact involved in a case, and a question whether a case should be reopened is not a question of fact involved in it.

My conclusion has also differed from that of the majority in that I believe that, in this particular case, there was no question of reasonableness or unreasonableness in the workman's refusal of medical attention for his injury to be submitted to the jury on the first appeal, that any refusal would have been, under the admitted circumstances, unreasonable, and that the only question to be submitted to the jury was that of the fact of refusal—the question which was submitted and decided.  There was no question of a dangerous or doubtful operation, such as has been considered in most of the cases on a workman's refusal of treatment; and according to the evidence there was no pain threatened except, perhaps, that which might attend a forcible flexing of the arm.  There was no question, therefore, of an unreasonable demand upon the man for measures to relieve the necessity for continuing him on compensation, and there was no question of any fail-

ure of the workman to understand his instructions and the desire of the physicians and of the employer and insurer that he continue the treatment. Indeed, before the expiration of the time for which he has been paid full compensation, that is to say, on March 24th, 1924, a hearing had been held by the commission on the question of stopping compensation because of his failure to submit to treatment.

Testimony taken on the first trial on behalf of both parties reviewed the man's condition at the various examinations made since his injury, and the treatment given, and that still needed; and a signed statement previously obtained from Restivo was placed in evidence and recounted his movements since the injury, and the medical attention he received, while away from Baltimore. According to that statement, he had, in eighteen months, called only a very few times on a doctor to whom he had been referred by the insurer, then, three months later, called on another doctor in Buffalo at the expense of the insurer, then on a doctor of his own choice not more than three times, and from September 4th, 1923, to August 24th, 1924, or nearly a year of the time for which he claimed compensation, he had seen no doctor. Restivo testified again at this first trial, concerning his movements and his experience with the injury, and said that he had difficulty understanding the statement he had signed. After the jury had answered, as stated, that the case should be reopened, and that Restivo had failed to accept medical attention offered to him, and failed to procure proper medical attention elsewhere, and that by reason thereof his injury or disability had been aggravated or prolonged, the issue should, in my opinion, have been treated as closed. A fundamental principle of orderly procedure seems to require this.