## BUTLER BROTHERS ET AL. *v.* AUGUSTA MABIN
### [No. 20, October Term, 1936.]

*Decided November 20th, 1936.*

The cause was argued before BOND, C. J., URNER, OFFUTT, PARKE, SLOAN, MITCHELL, SHEHAN, and JOHNSON, JJ.

*Rignal W. Baldwin, Jr.,* with whom were *Semmes, Bowen & Semmes* on the brief, for the appellants.

*Maurice J. Pressman,* with whom was *Samuel Kimmel* on the brief, for the appellee.

SHEHAN, J., delivered the opinion of the Court.

This is an appeal from a judgment of the Baltimore City Court entered upon the findings of the jury in favor

of the appellee, Augusta Mabin, claimant, an employee of Butler Brothers or Scott Brothers, Incorporated.

The claim was asserted against these employers and the Zurich General Accident & Liability Insurance Company, insurers, who are appellants. The question presented arises under the Workmen's Compensation Act (Code, art. 101, sec. 1 *et seq.*, as amended) and relates to issues involving an injury to the claimant's hip, and an alleged injury to the lower back or coccyx (lower end of the spine). The report of the accident to the Industrial Accident Commission stated that the injury sustained was to the left hip and consisted of a fracture of the left femur. In this report no specific mention is made of the injury to the lower back or coccyx, and it is insisted by the appellants that this injury was not presented to the Industrial Accident Commission and is therefore not to be considered in the appeal to the Baltimore City Court from the award of the Commission, because only such matters may be considered on the appeal as were presented for the disposition of the Commission, and that the injury to the coccyx was not taken into account in the Commission's award.

There is no question that the appellee met with an accident by slipping and falling to the floor in the employer's place of business, and that such accident occurred in the course of and during her employment. The accident, the injury, and the right to compensation are not denied; neither is the average wage of the claimant brought into controversy. The nature and extent of the injury is the real question involved.

While it is true that not until the case was in the Baltimore City Court on appeal were there presented by the appellee specific issues as to the injury to the coccyx, on the other hand, in the testimony taken before the Commission, not only was the injury to the hip asserted and proved, but, likewise, evidence as to the injury of the lower spine was presented. Therefore the Commission did have before it the injury to the coccyx, and must have considered it as a part of the result of the accident.

There is nothing to show a previous or subsequent accident, and it cannot be assumed that the injury to the coccyx could have been caused by another fall or other mishap. Because of their proximity, the obvious injury to the hip probably obscured and diverted attention from the less apparent, but serious, injury to the coccyx, which appears from the evidence to have been an involvement of the original accident and coincidental with it.

In the case on appeal to the Baltimore City Court, specific issues were filed by the claimant, in which the court was requested to submit to the finding of the jury substantially these issues: Was the claimant permanently totally disabled as a result of accidental injuries sustained on August 25th, 1933? Was the claimant disabled in the use of her back as a result of some injury? Was the disability to her back temporary in character? Was the claimant temporarily totally disabled as a result of the back injury, and is she still temporarily disabled therefrom, and what is the percentage of loss of use of her back as the result of such injury, and also the percentage of loss of use of the claimant's left leg? These issues were allowed by the trial judge and were excepted to by the appellants. Subsequent to the presentation of these issues the appellant requested the court to submit to the finding of the jury: Whether the claimant notified the employer of the alleged injury to the coccyx within ten days after the accident, and whether the employer or insurance carrier was prejudiced by reason of such failure, and whether the application for compensation was filed within thirty days after the beginning of such disability, and whether the employer or insurance carrier was prejudiced by reason of the claimant's failure to so file such application, and whether the claimant filed her claim for compensation with respect to the injury to the coccyx within one year after the beginning of such disability? Objections to the granting of these issues were promptly taken and were sustained.

Upon the submission of the issues proposed by the claimant, the jury found that the claimant was not per-

manently totally disabled, but that she was disabled in the use of her back and that that injury was temporarily total at the time of the accident, and was so at the time of the verdict, but that the injury to the back was not permanent in character, and the percentage of loss in the use of her left leg was 33⅓ percent. The court reversed in part the decision of the State Industrial Accident Commission of Maryland, and on the 30th of January, 1936, a judgment in favor of the claimant for costs was entered, and from this judgment the appeal herein is taken.

The proposed issues of the appellants, filed in the Baltimore City Court, on appeal, are based upon the assumption that the claim for injury to the coccyx is a new one, and should be treated as such with respect to the various notices required, and procedure before the Commission and on appeal. This position is not tenable, because the injury to the back, as well as the injury to the hip, manifestly grew out of the same accident. The evidence before the Commission shows that an injury of this kind is possible as a result of such an accident, and further shows this injury was so caused. Dr. Calas was of the opinion that the injury to the coccyx could have been and was the result of the accident; as likewise was the injury to the hip.

The evidence clearly shows that the injury to the coccyx was not the result of a new or separate accident, but the result of the same accident that caused the injury to the hip, and it was this very question, the nature and extent of the injury, that was being considered by the Commission in the hearing, and, as above stated, this testimony stands uncontradicted on these facts; consequently there is no occasion for additional and further notice, either as to the accident or as to the claim for compensation. The notice as to the accident was filed within ten days; claim for compensation was made within thirty days from the beginning of the disability, and within the period of one year the required notice was given, unless we can find or infer that the injury to the coccyx was not the result of the original ac-

cident, but the result of a new or different accident, and the evidence and all the circumstances in the case do not warrant such finding or assumption.

It follows that the court committed no error in refusing to approve the issues proposed by the defendants, and in granting those offered by the claimant. Therefore the judgment of the lower court must be affirmed.

*Judgment affirmed, with costs to the appellee.*