## ALBERT F. GOETZE, INC., ET AL. *v.* PISTORIO

[No. 46, October Term, 1952.]

*Decided December 5, 1952.*

The cause was argued before MARKELL, C. J., and DELAPLAINE, COLLINS, HENDERSON and HAMMOND, JJ.

*Walter V. Harrison,* with whom was *G. Dudley Iverson* on the brief, for the appellants.

*Bernard M. Goldstein* for the appellee.

MARKELL, C. J., delivered the opinion of the Court.

This is an appeal from a judgment on appeal from two decisions of the State Industrial Accident Commission.

Claimant, while in the employ of employer, cementing a steel beam, was injured by falling when a board on which he was standing, and which was supported by two stepladders, broke. He fell to a concrete floor, striking his head and back. He was in a hospital for some time, apparently recovered, and returned to work about April 3d or 6th. On June 1, 1950 he again fell from a scaffold and was thereby disabled from work for about three weeks. He then went to work for another employer, as a stonemason (which he considered easier work), at higher wages, from about the week ending June 21, 1950 until about the week ending March 14, 1951. He says he was unable to work from about March 14, 1951 until about November 7, 1951, when he began work for still another employer.

After the first accident he made claim for compensation. On January 23, 1950 the commission awarded him compensation for temporary total disability. After the second accident he again made claim for compensation. On June 16, 1950 he was awarded compensation for temporary total disability. After hearing on the first claim on May 16, 1950 and on both claims on September 25 and December 4, 1950 and February 13 and May 2, 1951, the commission on June 26, 1951 made two decisions, (1) on the first claim, it terminated compensation for temporary total disability on April

6, 1950, and awarded compensation for permanent partial disability at $20 per week for 30 weeks, for 20 per cent loss of use of left foot and at $20 per week, during continuance of such partial disability, not to exceed $1,125, for 15 per cent loss of industrial use of his back, and (2) on the second claim, it terminated compensation for temporary total disability on June 29, 1950.

Claimant appealed from the decisions on both claims. The appeals were tried together. The jury found 35 per cent loss of use of left leg, 35 per cent loss of industrial use of back, and temporary total disability from phlebitis, as a result of the accidents, from March 14, 1951 to November 7, 1951.

On this appeal employer and insurer contend (1) that the trial court erred in permitting the jury to find temporary total disability for a period which began after all claim for "temporary total disability" had been "formally waived" before the commission; and (2) that the issues framed by the court were improper in failing to separate the consequences of the two accidents.

At the argument appellants admitted that in the instant case failure to find separately the consequences of each accident makes no practical difference to the parties. This admission disposes of the second contention on this appeal. If different insurance were in force at the times of the two accidents, or in other conceivable circumstances, the contention might have merit. We intimate no opinion on this point in other circumstances.

Appellant's principal contention is that claimant was permitted to by-pass the commission by submitting to a jury on appeal a question which had never been presented to the commission. In each of the cases the commission's order of June 26, 1951 recites that the case was set for hearings at the request of claimant "to determine the following issues: 1. Nature and extent of claimant's disability. * * *." In the course of the hearing before the commission on February 13,

1951 claimant's counsel said, "I make no claim for temporary total." By this statement appellants contend that all claim for temporary total disability was "formally waived" before the commission—three weeks before the alleged temporary total disability began. We do not think this statement can fairly be so construed or can lawfully be given such effect. When the statement was made, claimant was still working. The alleged temporary total disability resulted from phlebitis, which did not prevent claimant from working until about March 14, 1951. The commission's physician, Dr. Blake, who died before the hearing of the appeals, had examined claimant and found no evidence of phlebitis due to the injury. As is recited in one of the commission's orders of June 26, 1951, on March 13, 1951, counsel for claimant requested a further hearing "in order to controvert the report of the Medical Examiner. The case was again set for hearing on May 2, 1951 and all parties were present and heard, and the claimant was re-examined by Dr. Blake, copy of Dr. Blake's report forwarded to all parties." Dr. Blake, in his report, dated April 4, 1951, said, "I am unable to see any evidence of phlebitis due to this injury." It seems unlikely that claimant's counsel would on March 13th request a further hearing to controvert the Medical Examiner's report, if the disability due to phlebitis, which was the principal subject of the report, began on March 14th. However, claimant has no recollection of dates, and the evidence of his employment indicates that he stopped work during the week ending March 14, 1951, perhaps several days before March 14th.

Of course, neither counsel nor claimant can waive claim for compensation (Code 1951, Art. 101, sec. 52) — especially for aggravation of disability before it takes place. Sec. 42. If, however, the statement of claimant's counsel on February 13th had been made on May 2nd, after the Medical Examiner's last adverse report, it conceivably might have been regarded as a disclaimer of any such claim in the proceedings then pending be-

fore the commission. But a month after the statement was made claimant asked and obtained a further hearing "to controvert the Medical Examiner's report". The alleged "temporary total disability" had existed for almost two months on May 2nd and for more than three months when the commission made its decisions. The testimony before the commission is not before us. Claimant asserts that he testified he was unable to work. For present purposes it is not necessary that there was evidence before the commission legally sufficient to show temporary total disability. In *Jackson v. Bethlehem-Sparrows Point Shipyard, Inc.*, 189 Md. 583, 590, 56 A. 2d 702, 705, we said, "We think appellant was entitled to have the issues referring to his eyes submitted to a jury. The testimony given before the Commission might be insufficient to justify an award, but he is entitled to offer additional evidence before a Court or a jury. It is not requisite that the evidence before the Commission should be legally sufficient to support the issues. It is sufficient if there is enough evidence to bring the question to the attention of the Commission, so that it can be passed upon." In the instant case there was enough to bring the question of temporary total disability, due to phlebitis, to the attention of the commission and to entitle claimant to appeal from the commission's decision on that question.

*Judgment affirmed, with costs.*