TROJAN BOAT COMPANY, INC. AND EMPLOYERS
MUTUAL LIABILITY INSURANCE COMPANY
OF WISCONSIN *v.* ARTHUR P.
BOLTON, JR.

[No. 375, September Term, 1970.]

*Decided April 27, 1971.*

The cause was argued before ORTH, THOMPSON, and MOYLAN, JJ.

*R. Roger Drechsler,* with whom was *A. Paul Kaye* on the brief, for appellants.

*Harry J. Goodrick* for appellee.

THOMPSON, J., delivered the opinion of the Court.

"Arthur P. Bolton, Jr., filed a claim for workmen's compensation benefits against his employer and its insurance carrier alleging an accidental injury to his back on or about June 14, 1968. To that claim, the Employer and Insurer filed on August 6, 1968, the following Issues:

"1. Did the Employee sustain an accidental personal injury arising out of and in the course of his employment.

"2. Is the disability of the Employee the result of an accidental personal injury arising out of and in the course of his employment.

"3. Average weekly wage.

"4. Such other and further Issues as may be raised at the time of the hearing."

\* \* \*

"Thereafter, Commissioner Helen Elizabeth Brown on September 3, 1968, took testimony in Elkton, Maryland, on Issues 1, 2 and 3 from the Employee and two lay witnesses. No medical reports were submitted and doctors were not called to testify. She disallowed the Claim for Compensation on September 10, 1968, by finding '. . . on the first Issue that the claimant did not sustain an accidental injury arising out of and in the course of his employment as alleged to have occurred on June 14, 1968; and the Commission has concluded to disallow the claim filed herein.'

"The Employee, through his attorney, filed a timely Appeal to the Circuit Court for Cecil County which was designated Law Number 8611. It was alleged that the decision should be reversed and a finding that the Employee did sustain an accidental injury arising out of and in the course of his employment be made. [Petition for Relief] Thereafter, Law Number 8611 was tried before the Circuit Court for Cecil County and a Jury on August 11, 1969, on the Issue of: 'Did the claimant, Arthur P. Bolton, Jr., sustain an accidental injury arising out of and in the course of his employment on June 14, 1968, while employed by Trojan Boat Company, Inc.?' To that Issue, the Jury answered 'Yes' and the matter was remanded to the Workmen's Compensation Commission for the passage of the December 11, 1969, award and for further proceedings."

The aforegoing facts are as recited in the appellant's brief and substantially as recited in the appellee's brief. We are, therefore, accepting them as accurate although a transcript of the first proceedings before the Commission and the first court hearing are not included in the record before us.

After remand, the employer and insurer again raised

issues nos. 2, 3, and 4 and the claimant raised the issue "Nature and extent of disability." After a hearing, the Commission passed an award finding that the disability of the claimant was a result of the accidental injury on June 14, 1968, and as a result thereof, he was temporarily and totally disabled from June 30, 1968 to November 30, 1968. The employer and insurer filed an appeal from this award contending the Commission erred in holding the disability was a result of the accidental injury which claimant had sustained. The claimant contended that the issue of whether his disability resulted from the accidental injury was barred since the judgment in No. 8611 Law on August 11, 1969, was *res judicata*. Claimant argues that although the issue was not specifically raised in No. 8611, it could have been raised; therefore, *res judicata* applies, citing *A. B. Veirs, Inc. v. Whalen,* 256 Md. 162, 259 A. 2d 516 which is not a Workmen's Compensation case. The trial judge accepted the claimant's argument and dismissed the employer's appeal.

In the arguments before this Court, the employer and insurer contend, first, *res judicata* does not properly apply to Workmen's Compensation proceedings, and, second, even were it to apply, it should have been raised before the Commission, and the failure to raise it before the Commission constituted a waiver. Since we hold the only issue properly before the trial court in the prior proceedings, No. 8611 Law, was the question as to the occurrence of an accidental injury arising out of and in the course of employment, we need not and do not decide the contentions as presented. In other words, *res judicata* does not apply because the precise issue raised in the second appeal could not have been raised in the first appeal.

Neither the Court of Appeals nor this Court has specifically decided the proper procedure for determining issues originally and properly presented to the Commission but rendered moot by the Commission's decision to disallow the claim on other grounds, which decision is later reversed by a court on appeal. The practice, however, seems to have developed that in such cases, the

proper procedure is to remand the proceedings to the Commission for original determination of the remaining issues which were thought to be moot in the earlier Commission proceedings. As recently as *Saylor v. Black and Decker Manufacturing Company,* 258 Md. 605, 267 A. 2d 81, decided July 8, 1970, the Court of Appeals indicated its approval of this procedure in the following language:

> "The judgment below should have been for Saylor on the issue of the accident arising out of and in the course of his employment, and the case remanded to the Commission for determination of appropriate compensation or any other unsolved issues."

This method seems to have been the usual procedure for a period of time. See *Caled Products Co., Inc. v. Sausser,* 199 Md. 514, 86 A. 2d 904.

In *McCulloh & Co. v. Restivo,* 152 Md. 60, 67, 136 A. 54, the Court said:

> "But the question of Restivo's disability was really not directly involved in the first appeal, because the question which the commission was asked to decide at the hearing reviewed on that appeal, and which by the order appealed from they did decide, was whether they would reopen the case, and it is not clear how the Baltimore City Court, on appeal from an order refusing to reopen a case, could not only direct the case to be reopened, but decide the very question which under the statute the commission alone had the jurisdiction to decide in the first instance, after it had been reopened."

Chief Judge Bond dissented on the basis that the policy favoring simple and economical disposition of Workmen's Compensation appeals should allow all the issues to be decided in the first appeal.

The rule is generally stated as in *Pressman v. State Accident Fund,* 246 Md. 406, 228 A. 2d 443, 449:

"The reviewing court considers and passes only on matters covered by the issues raised and decided below or on relevant matters as to which there was evidence before the Commission. *Richardson v. Home Mutual,* 235 Md. 252, 255, 201 A. 2d 340, and cases cited."

In *Pressman,* the Court found that in a prior order, the Commission received no evidence and made no decision as to whether the appellee was the insurer of the injured workman. Therefore, the Court held the Commission retained jurisdiction to decide this point even though an appeal had been filed from its decision on the substantive question as to the liability of the employer.

The practice, as it has developed, clearly takes into account the spirit of the statutory provisions covering the substance of an appeal in Workmen's Compensation proceedings, Md. Code, Art. 101, § 56, which requires the court on appeal to determine whether "the Commission has justly considered all the facts concerning the injury, whether it has exceeded the powers granted it by the article, and whether it has misconstrued the law and facts applicable in the case decided", and accordingly "the decision of the Commission shall be confirmed; otherwise it shall be reversed or modified" and particularly subsection (c) raising the *prima facie* presumption of the correctness of the Commission's decisions.

The rule that moot issues are not considered on appeal has been applied indirectly to certain rare situations. Thus, in *Hathcock v. Loftin,* 179 Md. 676, 22 A. 2d 479, the Court refused to permit a claimant to present evidence on appeal after he had filed a claim with the Commission but refused to present evidence to support it. When a claimant deliberately does not present supporting evidence and thereby attempts to by-pass the Commission, he has in effect rendered his own claim moot. Compare *Oxford Cabinet Co. v. Parks,* 179 Md. 680, 22 A. 2d 481, where the Commission's decision was based only on the evidence presented by the claimant and an employer's appeal was permitted.

The difficulty with issues rendered moot by the Commission's disposition of earlier issues comes not in the procedure for disposing of them on remand but rather in differentiating them from the Commission's implicit decisions. The distinction between moot issues and implicitly decided issues, while abstract and largely undeveloped by the cases, is crucial since a moot decision is not raisable on appeal. Briefly stated, an implicit decision by the Commission is one that, in the logical process of disposing of the proceeding, the Commission encountered and solved, although without explicit mention of it in the record. By their very nature, they are elusive.

An implicit decision may be made by the Commission on the central issue of whether an injury is compensable. *Butler Brothers v. Mabin*, 171 Md. 126, 187 A. 872 and *Jackson v. Bethlehem-Sparrows Point Shipyard*, 189 Md. 583, 56 A. 2d 702. In both cases, a single accident resulted in two injuries. Both injuries were presented in a single claim and both were supported by some evidence. The Commission allowed recovery on one injury but said nothing as to the other. The issues of both injuries were present, although not as formal issues specifically directed to their facts, but as issues with evidence giving the Commission the opportunity to pass upon them. Since the issue was not logically moot, the Commission's refusal to allow recovery by remaining silent on the second injury amounted to an implicit decision in these cases to deny recovery. See also *Albert F. Goetze, Inc. v. Pistorio*, 201 Md. 152, 92 A. 2d 762.

An implicit decision by the Commission may also be made on a sub-issue contained within the greater issue of whether to allow recovery. Thus, in *Cabell Concrete Block Co. v. Yarborough*, 192 Md. 360, 64 A. 2d 292, the Commission allowed full recovery for paralysis resulting from cerebral hemorrhage without any mention of proportioning between the accident involved and the pre-existing disease of high blood pressure, although there was some evidence presented by the employer that the paralysis resulted at least partially from the claimant's pre-

viously existing high blood pressure. On appeal to the Circuit Court, the trial judge refused an instruction on proportioning of awards when pre-existing diseases were involved. The Court of Appeals held this denial was error, since the Commission, faced with some evidence showing a pre-existing disease, must have implicitly decided that *no apportionment was necessary in order to reach the conclusion that it did in fact reach, i.e.,* no apportionment. Since the Commission made an implicit decision on this sub-issue, that issue was raisable on appeal.

In the instant case, the appellee contends that although there was no medical evidence before the Commission to determine the cause of the claimant's disabilities, his own testimony as to the accident and his disabilities following soon thereafter would have been sufficient evidence before the Commission to call the matter to the attention of the Commission under some of the cases heretofore cited. We are not persuaded.

While the presence of evidence before the Commission may well be a signpost indicating a certain specific issue was implicitly decided and while appellee's testimony alone without medical testimony could possibly support a decision by the Commission, appellee's argument fails since as soon as the Commission decided the injury was not accidental and in the course of employment, the issues of causation and nature of the injury became moot. The issue was obviously not implicitly decided by the Commission because in the logical process of disposing of the claim by deciding it was not accidental in the course of employment, the Commission did not reach the issue of causation.

In addition, on the policy grounds, we do not think the desirability of having Workmen's Compensation appeals promptly and efficiently determined can be extended so far as to cover an issue which was formerly presented to the Commission and rendered moot by the decision of the Commission. The Maryland statute, Code, Art. 101, § 56

shows clearly an intention that the Commission shall make the initial decision on all compensation questions.

*Judgment dismissing appeal reversed. Case remanded for further proceedings in accordance with this opinion. Appellee to pay costs.*