487 A.2d 1196

**GLIDDEN–DURKEE (SCM) CORPORATION, et al.**

**v.**

**MOBAY CHEMICAL CORPORATION, et al.**

**No. 569, Sept. Term, 1984.**

Court of Special Appeals of Maryland.

Feb. 11, 1985.

584

Barry L. Steelman, Baltimore (Melnicove, Kaufman, Weiner & Smouse, P.A., Baltimore, on brief), for appellants.

Raymond A. Richards, Baltimore (Rollins, Smalkin, Richards & Mackie, Baltimore, on brief), for appellees.

Argued before BLOOM, GETTY and ROBERT M. BELL, JJ.

ROBERT M. BELL, Judge.

For the reasons to be set forth hereinafter, we will reverse the judgment of the Circuit Court for Baltimore City and remand the matter to that court for further proceedings consistent with this opinion.

Lawrence E. Cook, the Claimant, was employed as a maintenance mechanic by appellant, Glidden-Durkee (SCM) Corp., on June 15, 1967.[1] In January, 1977, Claimant was diagnosed as having lead poisoning and treated at Baltimore City Hospitals. From time to time thereafter he received lead chelation therapy which required him to be off work. Following the diagnosis of lead poisoning, Claimant filed a claim with the Workmen's Compensation Commission.

Pursuant to a stipulation that Claimant sustained an occupational disease, namely lead poisoning, the Medical Board, on March 7, 1979, awarded claimant temporary total

---

1. At all times pertinent to this appeal, Claimant was employed at Pemco plant. Although the Notice of Appeal refers to Glidden-Durkee (SCM) Corporation, et al., only appellant has appealed. Therefore, Claimant is not a party to this appeal.

disability and the related medical expenses for several periods between January 23, 1977 and January 10, 1979. The Workmen's Compensation Commission affirmed the findings and award of the Medical Board on September 19, 1979 and appellant paid the award.

On November 1, 1979, Claimant again was placed on temporary total disability for lead poisoning. Appellant sold its Pemco plant to appellee, Mobay Chemical Corp.,[2] on December 5, 1979. The Claimant returned to work at the Pemco plant on February 10, 1981 and continuously worked from that date until July 6, 1982, when he was hospitalized for six days for lead poisoning. Claimant filed a claim with the Workmen's Compensation Commission for disability benefits and for payment of medical expenses incurred during his hospitalization. Appellant impleaded appellee.

A hearing to determine which of the two employers was responsible for Claimant's disability benefits and medical expenses incurred after February 10, 1981 was held before Commissioner Frankel on April 7, 1983. The only testimony taken was from Dr. Keogh, appellee's witness, who was extensively questioned by Commissioner Frankel and each counsel. Commissioner Frankel did agree to take the testimony of Dr. Chisholm, appellant's medical witness, who was not then available, and, if necessary, that of Claimant, at a later time. At the conclusion of the testimony, Commissioner Frankel made the following comment:

"Therefore this Commission has taken testimony today, which testimony shall be adopted to any testimony to be [sic] in the future, on or about June 1st, which testimony in turn will be considered for a decision as of June 1st or thereafter in 1983. In order to make this concept legal. Otherwise, we just have to remand it back—if the case was remanded back to the Medical Board, as of June 1st, it would come back to the Commission today.

---

**2.** INA, Mobay's insurer, is also an appellee.

"So, unless I hear an affirmative objection from either one of the parties, I will follow through and take additional testimony and make a decision after June 1st." [2A]

After the parties agreed,[3] Commissioner Frankel then said:

"All right. Here's what I'll do: As of June 1st, when I have jurisdiction I will then say, reset this case before the Commission as of June 1st and say, 'Gentlemen, you want to adopt all the prior testimony, or you want to go ahead and start testimony all over again and go through the same thing, because I am going to read this, anyway, the testimony before the Medical Board.' All right. Thank you."

By Order dated April 20, 1983, Commissioner Frankel ruled:

"The Commission finds that this Commission has jurisdiction to try this case as no cases are being reset before the Medical Board for Occupational Disease. All testimony shall be taken and decided on June 1, 1983."

The parties were notified on May 19, 1983, that the case was scheduled for further hearing on June 16, 1983. Thereafter, counsel for Appellant, by letter dated May 24, 1983, enclosing a report by Dr. Chisholm, submitted to the Commission's decision based upon that report and the testimony taken on April 7, 1983. The Commission's decision was issued on June 3, 1983 without further hearing or proceedings.[4]

That decision addressed two issues: (1) whether temporary total disability and the need for medical care and treatment on or after February 1981 was causally related to the work environment at Glidden-Durkee, Division of SCM

---

**2A.** The Commissioner obviously was cognizant of the effective date of Laws 1982, Ch. 521, repealing the laws relating to the Medical Board. *See* pg. 597 *infra.*

**3.** Mr. Steelman, appellant's counsel, objected for the record, which objection was overruled.

**4.** The Order stated that the hearing set for June 16, 1983 was in error.

Corporation, and (2) whether temporary total disability and the need for medical care and treatment on or after February, 1981 to date causally related to the work environment at Mobay/Pemco. The Commission ordered:

> ... that Mobay/Pemco, employer and Insurance Company of North America, insurer, pay temporary total disability, same to be adjusted between the parties to this case, and provide medical care and treatment to Lawrence E. Cook, Claimant....

Appellees filed a Motion for Rehearing with the Commission on June 14, 1983,[5] which appellant opposed. The Motion was denied by Commissioner Krysiak.

Appellees appealed to the Circuit Court for Baltimore City. Thereafter, they filed a Petition to Remand the Appeal to the Workmen's Compensation Commission, to which appellant filed a timely response.

In their petition, appellees asked the circuit court to remand the case to the Workmen's Compensation Commission "so that a proper hearing might be conducted and a proper decision issued based on such a hearing". Appellant's answer questioned the legal justification for remand and professed an inability to understand the legal theory on which appellees were proceeding. Appellant, therefore, asked that the petition be denied and that appellees' appeal be heard in the circuit court.

On March 7, 1984, the trial court held a hearing on the Petition to Remand. No evidence was taken. Following arguments of counsel, the trial judge remanded the proceedings to the Workmen's Compensation Commission "... for any testimony anybody wants to present...". The order giving effect to that ruling was signed on April 3, 1984.

---

5. In the Motion, Appellees alleged that the Commission decision, rendered without a hearing or notice, was an error of law and a denial of due process. They further alleged that the Commission's order contained additional unspecified legal errors.

### Decision to Remand

■ Appellant offers two arguments in support of its contention that the trial judge erred in remanding the proceedings to the Commission for further proceedings:

a) The Circuit Court Judge erred as a matter of law by exceeding his jurisdiction in remanding the appeal to the Workmen's Compensation Commission without a hearing on the merits; and

b) The Circuit Court erred as a matter of law by taking judicial notice of Commissioner Frankel's health as a factor in remanding the appeal without a hearing on the merits.

### a. *Authority to Remand* [6]

■ Appellant has argued that it was error as a matter of law for the trial judge to remand the appeal to the Workmen's Compensation Commission without a hearing on the merits. He relies upon Md.Ann.Code, 1957, article 101, § 56(a).[7] Appellant contends that the trial judge did not

---

6. We note that neither party has addressed the appealability of the order remanding the proceedings to the commission. We merely point out for the record that such an order is a final order and is appealable. *Eastern Stainless Steel, et al. v. Nicholson,* 60 Md.App. 659, 484 A.2d 296 (1984.)

7. Article 101, § 56(a) provides, in pertinent part:
   "Any employer, employee, beneficiary or person feeling aggrieved by any decision of the Commission affecting his interests under this article may have the same reviewed by a proceeding in the nature of an appeal and initiated in the circuit court of the County having jurisdiction ... and the court shall determine whether the Commission has justly considered all the facts concerning the injury, whether it has exceeded the powers granted it by the article, and whether it has misconstrued the law and facts applicable in the case decided.... If the Court shall determine that the Commission has acted within its powers and has correctly construed the law and facts, the decision of the Commission shall be confirmed; otherwise it shall be reversed, modified, or remanded to the Commission for further proceedings...."

conduct a hearing on the merits. Therefore, the trial judge failed to comply with the mandate of § 56(a).[8]

■ The issue thus presented is may a trial court, prior to considering an appeal from the Commission on the merits, remand it to the Commission for further proceedings? We believe that the trial court ordinarily must hear the issue presented on the appeal on the merits.[9] Only then can the matter be remanded for further proceedings.

We arrive at our conclusion from a construction of § 56(a) in light of the rules for construing a statute and in light of pertinent case law. It is fundamental that when construction of a statute is involved, the reviewing court must determine the true legislative intent of that statute. *Prince George's County v. Bahrami,* 33 Md.App. 644, 365 A.2d 343 (1976). It is also fundamental that that intent will be determined from the language of the statute, giving it its ordinary and common usage. *Radio Com., Inc. v. Public Service Comm.,* 271 Md. 82, 314 A.2d 118 (1974). Only if there is an ambiguity or obscurity in the language of the

---

**8.** Appellees contend that appellant may not raise this issue on appeal since it was not raised or argued in the trial court below. We do not agree. In his opposition to the Petition for Remand, appellant made clear the basis for his opposition, that it is inappropriate to remand to the Commission prior to a hearing on the merits. Furthermore, appellant, throughout the hearing, voiced its objection to the court entertaining and ordering remand. It was not necessary that appellant do anything further to preserve the point for appeal. See Maryland Rule 2–517(d).

**9.** This holding is not inconsistent with *Eastern Stainless Steel et al. v. Nicholson,* supra. There, while the employer/insurer's appeal from the decision of the Commission was pending in the Circuit Court, the employer/insurer moved to implead the Subsequent Injury Fund. The motion was granted, the appeal suspended and the case remanded to the Commission as required by Art. 101, § 66(5). Even though the order remanding the case to the Commission was a final order, no appeal was filed. The issue presented on the Fund's subsequent appeal was whether the employer/insurer's appeal survived the remand. Put another way: What effect did the remand have on the continuing vitality of the employer/insurer's appeal?

Thus, the issue in Eastern Stainless Steel is vastly different from that here presented. Further, the remand was not appealed. Finally, and most importantly, a statute specifically required remand under the circumstances there presented.

statute will it become necessary for the Court to look elsewhere to ascertain the intent of the legislature. *Md. National Cap. Park and Planning Comm., et al. v. Mayor and Council of Rockville, et al.,* 272 Md. 550, 325 A.2d 748 (1974). "In other words, the Courts, in the absence of ambiguity, should, as a general rule, confine themselves to a construction of a statute as written, and not attempt, under the guise of construction, to supply omissions or remedy possible defects in the statute, or to insert exceptions not made by the legislature." *Amalgamated Casualty Insurance Co. v. Helms, et al.,* 239 Md. 529, 535–6, 212 A.2d 311 (1965).

The statute contains language permitting remand of proceedings to the Commission. It does not specify, however, whether the authority thus given is to be exercised before or after the merits have been heard. It is in this context that we proceed.

■ Section 56(a) requires the reviewing court to "determine" whether the Commission "acted within its powers and correctly construed the law and facts". If the reviewing court is satisfied that the Commission has, it must "confirm" the decision, otherwise it must reverse, modify or remand the case to the Commission for further proceedings. We believe the language of § 56(a) is clear and unambiguous that a remand to the Commission can be ordered only after the merits of the issue presented by the appeal has been determined."

The term, "determine" is defined by *Black's Law Dictionary,* Rev. 4th ed. (1968) to mean "to bring to an end"; "to bring to a conclusion, to settle by authoritative sentence, to decide" and "to decide, and analogous to 'adopt' or 'accept' ". *Funk and Wagnall's Standard Desk Dictionary,* 1977 ed. variously defines "determine" to mean "to settle or decide, as an argument, question or debate"; "to ascertain or fix"; "to come to a decision; resolve." Applying the ordinary and common meaning of "determine", it is clear that the reviewing court must first ascertain or decide

whether the Commission has properly construed the facts and law within its lawful grant of authority and only then may it confirm, reverse, modify or remand.

Prior decisions of the Court of Appeals and this court also support our view.

Prior to its amendment,[10] § 56(a) provided only for "confirmance", "reversal" or "modification" of a Commission decision by the circuit court. The absence of a provision for remand to the Commission has been held by the Court of Appeals to prohibit the circuit court from remanding an appeal to the Commission for further proceedings. In *Allen v. Glenn L. Martin*, 188 Md. 290, 52 A.2d 605 (1947), an accidental injury case, the trial court remanded an appeal from the State Industrial Accident Commission to that Commission "for further proceedings." The trial court's order was passed after testimony was taken from a commissioner as to how he arrived at his decision in the case. The Court of Appeals reversed because the trial court's order was passed without authority, citing the absence of a provision in the statute[11] for remand of cases appealed from the Commission.[12]

The Court of Appeals reaffirmed this position in *General Electric v. Cannella*, 249 Md. 122, 238 A.2d 891 (1968). In that case, an occupational disease case, the court, concerned about the adequacy of the record from the Commission, recognized that a remand for purposes of clarifying the record was not authorized by law. It quoted, with approval, the following passage from *Beechwood Coal Company v. Lucas*, 215 Md. 248, 258, 137 A.2d 680 (1958):

---

**10.** Laws of 1977, ch. 501, effective July 1, 1977, added "or remand to the Commission for further proceedings" to § 56(a).

**11.** Md.Code, 1939, Article 101, § 70.

**12.** The remand specifically ordered the Commission "to determine the loss of wage earning capacity of the Claimant, if any, and such other pertinent matters as may be properly heard by the Commission in connection therewith". It thus appears that clarification or expansion of the record was the real purpose of the remand.

The Commission did not trouble to state the reason or reasons for its conclusion. Judge Harris, in the Circuit Court described the record as "contradictory, confusing, incomplete, and, of course, unsatisfactory." We share his views. *The law makes no provision for remanding the case to the commission for the purpose of making a more understandable record.* It is not our province to weigh evidence, and the statute ... requires the courts to accept the findings of facts of the Commission. There is, however, an implicit condition—that there must be some evidence or sufficient evidence to sustain the findings. (Emphasis supplied, citations omitted)

Despite there being no express remand provision, the circuit court's remand of proceedings to the Commission after a decision on the merits of the issue presented by the appeal has been approved by the Court of Appeals and by this Court. *McCulloh & Co. v. Restivo*, 152 Md. 60, 136 A. 54 (1927); *Caled Products Co., Inc. v. Sausser*, 199 Md. 514, 86 A.2d 904 (1952); *Saylor v. Black and Decker Manu Co.*, 258 Md. 605, 267 A.2d 81 (1970); *Trojan Boat Co. v. Bolton*, 11 Md.App. 665, 276 A.2d 413 (1971).

In *Trojan Boat Co. v. Bolton, supra;* at 668–669, 276 A.2d 413, we observed:

Neither the Court of Appeals nor this Court has specifically decided the proper procedure for determining issues originally and properly presented to the Commission but rendered moot by the Commission's decision to disallow the claim on other grounds, which decision is later reversed by a Court on appeal. The practice, however, seems to have developed that in such cases, the proper procedure is to remand the proceedings to the Commission for original determination of the remaining issues which were thought to be moot in the earlier Commission proceedings ...

This "practice" recognizes that a reviewing court should consider and decide only issues raised and decided by the Commission or which were before the Commission, *Press-*

*man v. State Accident Fund,* 246 Md. 406, 228 A.2d 443 (1967); *Montgomery Co. Police Dept. v. Jennings,* 49 Md. App. 246, 431 A.2d 721 (1981) and that the Commission should decide those questions which the statute entrusts to its original jurisdiction. *McCulloh & Co. v. Restivo, supra.* As we said in *Trojan Boat Co. v. Bolton, supra,* [11 Md.App.] at 670, 276 A.2d 413:

> The practice ... clearly takes into account the spirit of the statutory provisions covering the substance of an appeal in Workmen's Compensation proceedings ... which requires the court on appeal to determine whether "the Commission has justly considered all the facts concerning the injury, whether it has exceeded the powers granted it by the article, and whether it has misconstrued the law and facts applicable in the case decided", and accordingly "the decision of the Commission shall be confirmed; otherwise it shall be reversed or modified" and particularly subsection (c) raising the *prima facie* presumption of the correctness of the Commission's decisions. (emphasis on the original)

We conclude that prior to the 1977 amendment proceedings could be remanded to the Commission only after a determination of the issues raised by the appeal, *Jennings, supra,* and then only for a determination of those issues "... which under the statute the commission alone had the jurisdiction to decide in the first instance ..." *Restivo, supra.*

The 1977 amendment to § 56(a) does not require that a different conclusion be reached. When considering the effect of the amendment, we are aware that the General Assembly when it enacted it, "is presumed to have had, and acted with respect to, full knowledge and information as to prior and existing law and legislation on the subject of the statute and the policy of the prior law," *Police Comm'r v. Dowling,* 281 Md. 412, 419, 379 A.2d 1007 (1977) and to have been acquainted with the decisions of the Court of Appeals and this Court. *Supervisor v. Southgate Harbor,* 279 Md. 586, 369 A.2d 1053 (1977). Likewise, we recognize the need

to examine the amendment in its context, *Haskell v. Carey,* 294 Md. 550, 451 A.2d 658 (1982). The 1977 amendment merely codified the "practice" that had prevailed with respect to the remand of proceedings to the Commission after appellate review.

■ We are satisfied that the statute when read as a whole supports our interpretation. In addition to our analysis with respect to the responsibilities imposed on a reviewing court, § 56(a) mandates that appeals filed in the wrong court be transferred to the proper tribunal "so that the appeal may be heard on its merits in the court having jurisdiction to hear the same." Appeals from the decision of the Commission are given precedence over all other cases in the circuit court except criminal cases. Section 56(c) accords prima facie correctness to the decisions of the Commission. This statutory scheme is consistent with the purpose of the Workmen's Compensation Act, to provide simple, speedy and economical procedures consistent with practical justice, *Yellow Cab Company v. Bisasky,* 11 Md. App. 491, 275 A.2d 193 (1971). Our interpretation "clearly takes into account" this statutory scheme.

The procedure applicable to appeal of decisions of the Commission provides further support for our view.

We noted in *Turner, infra,* at n. 3, that as of June 1, 1983, there may no longer be different standards of review applicable to accidental injury cases and occupational disease cases. That observation was made because of the passage and effect of Ch. 521, 1982 Md.Laws Ch. 521, effective June 1, 1983, repealed Md.Ann.Code art. 101, § 29, amended article 101, § 27 to provide for termination of the Medical Board, and amended § 56(a) by inserting "until June 1, 1983" in the proviso which declares that the findings of the Commission in occupational disease cases are final and may not be submitted to a jury. We did not decide the issue in *Turner* because it was not there presented.

■ In the case *sub judice,* the order appealed from was passed on June 3, 1983. The issue is therefore presented on this record. We will decide it. We hold that different standards of review of occupational disease cases and accidental injury cases are no longer viable.

The rationale for the different standard of review in occupational disease cases was the desire to "finalize the determinations of the administrative body ... deemed most qualified to make medical and other factual conclusions in these types of cases." *Maryland Bureau of Mines v. Powers,* 258 Md. 379, 382–3, 265 A.2d 860 (1970). Although the findings of the Commission were given finality, *Burdock v. Kaiser Aluminum,* 22 Md.App. 631, 325 A.2d 171 (1974), the Commission was assisted in its fact finding by expert input from the Medical Board, which was charged with investigating and hearing cases involving occupational disease and reporting its decision on all medical questions to the Commission. § 28 The parties were given a right to except to the decision of the Medical Board and to have its proceedings reviewed by the Commission; if, however, no review were sought, the Commission's decision would have to conform to the report and decision of the Medical Board on all medical questions. § 29. Within this framework, the finality accorded the factual determination of the Commission in §§ 29 and 56(a) was not only logical, but justified. With the abolition of the Medical Board and, particularly, the deletion of the limitations on review of occupational disease cases, the differentiation heretofore made between occupational disease cases and accidental injury cases no longer exists and cannot be justified.

■ Therefore, an appeal from the Commission is "essentially de novo". *Maryland Bureau of Mines v. Powers, supra, Turner v. State of Md., Office of Public Defender,* 61 Md.App. 393, 486 A.2d 804 (1985); *Egypt Farms, Inc. v. Lepley,* 49 Md.App. 171, 430 A.2d 122 (1981); *Montgomery Ward & Co. v. Bell,* 46 Md.App. 37, 415 A.2d 636 (1980). As a result, the testimony on appeal is not limited to that

which was presented before the Commission. *Miller v. James McGraw Co.*, 184 Md. 529, 42 A.2d 237 (1945). The court may take additional testimony in assessing the correctness of the Commission decision, thus militating against the need for a remand to clarify the record.

■■■ We hold that the trial court had no authority to remand the proceedings to the Commission prior to a determination on the merits of the issue presented on the appeal[13] and, therefore, we will reverse and remand for further proceedings.[14]

### The Merits

■■■ Appellant finally urges, citing *Lowery v. McCormick Asbestos Co.*, 300 Md. 28, 475 A.2d 1168 (1984), that we hold that the Commission decision was supported by sufficient evidence and was therefore proper as a matter of law. We decline to do so.

The view we have taken of the issues in the case *sub judice* mandates that the proceedings be remanded to the trial court. On remand the trial will be "essentially de novo" and additional testimony, therefore, may need to be taken.

JUDGMENT REVERSED AND REMANDED TO CIRCUIT COURT FOR BALTIMORE CITY FOR FURTHER PROCEEDINGS. COSTS TO BE PAID BY APPELLEES.

---

**13.** There is an additional reason that the remand was improper in this case. Appellees' Motion for rehearing, raising the same issues as were raised in its petition for remand, was denied by the Commission. In this context the petition for remand was, in effect, an appeal from the denial of their motion for rehearing, from which no appeal lies. *Great American Insurance Co. v. Havenner*, 33 Md.App. 326, 364 A.2d 95 (1976).

**14.** We need not, and do not, address the issue presented by the trial court's taking of judicial notice of the health, work habits or other predilictions of the Commissioner except to point out that such considerations are, at best, irrelevant to any decision concerning the remand of proceedings to the Commission.